NO. 22-CI-00788

BOONE CIRCUIT COURT
DIVISION THREE (3)
JUDGE JAMES R. SCHRAND
*ELECTRONICALLY FILED*

SAM SADUSKY, *et al.*                                                    PLAINTIFFS

v.                                                **ANSWER**

EXPRESS LANE, INC., *et al.*                                            DEFENDANTS

* * * * *

Now comes Express Lane, Inc., by counsel, and for its Answer to the Complaint, states as follows:

1.     The Complaint fails to state a cause of action upon which relief can be granted.

2.     That this answering Defendant lacks sufficient information to either admit or deny the allegations contained in paragraphs 1, 2, 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15 and 16 of the Complaint and therefore denies same.

3.     That paragraphs 5 and 17 of the Complaint require and/or request a legal opinion and/or conclusion which this answering Defendant is not legally obligated to render and therefore denies same.

4.     That paragraph 9 of the Complaint is denied.

5.     That in response to paragraph 1 of Count I, II, III, IV, V, and VI, of the Complaint, this answering Defendant adopts, reiterates and realleges all previous answers and affirmative defenses as if fully rewritten herein.

6.     That in response to paragraph 2 of Count I of the Complaint, this answering Defendant lacks sufficient information to either admit or deny the allegations contained therein and therefore denies same.

1

EXHIBIT 1

7.     That in response to paragraphs 2, 3 and 4 of Count II of the Complaint, this answering Defendant lacks sufficient information to either admit or deny the allegations contained therein and therefore denies same.

8.     That paragraph 5 of Count II of the Complaint is denied.

9.     That paragraph 2 of Court III of the Complaint is denied.

10.     That in response to paragraph 2 of Count IV of the Complaint, Express Lane, Inc., admits it had a policy of insurance with Progressive at the time of the incident, however, lacks sufficient information to either admit or deny the remaining allegations and therefore denies same.

11.     That in response to paragraph 2 of Count V and VI of the Complaint, the answering Defendant lacks sufficient information to either admit or deny the allegations contained therein and therefore denies same.

12.     All allegations not specifically admitted are denied.

13.     That this answering Defendant affirmatively pleads comparative and/or contributory negligence on behalf of the Plaintiffs, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

14.     That this answering Defendant affirmatively pleads comparative and/or contributory negligence on behalf of third parties not under its control, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend

this affirmative defense consistent with the proof developed throughout discovery.

15.   That this answering Defendant affirmatively pleads intervening and/or superseding causes and/or events, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

16.   That this Defendant affirmatively pleads KRS 189 *et seq* as a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to alter or amend this affirmative defense consistent with the proof developed throughout discovery.

17.   That this answering Defendant affirmatively pleads KRS 304.39 *et seq* as a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

18.   That this answering Defendant affirmatively pleads all defenses pursuant to CR 8 and 12, which may apply to the within matter, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

19.   That this answering Defendant affirmatively pleads CR 15 and reserves its right to amend all pleadings and defenses, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just

3

beginning, this answering Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

20.   That this answering Defendant's actions were secondary and/or passive in nature to the actions of others.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

21.   That this answering Defendant affirmatively pleads Plaintiffs' failure to mitigate alleged damages, if any, thereby constituting a complete or partial bar to the allegations.  To the extent that discovery is just beginning, Defendant agrees to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

**WHEREFORE** Express Lane, Inc., demands:

1.   That the Complaint be dismissed;

2.   Costs expended herein;

3.   Trial by jury;

4.   For any and all other relief to which it may appear properly entitled.

**DON K. BROWN, PSC**

/s/ *Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE
13102 Eastpoint Park Blvd.
Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant,*
*Express Lane, Inc.*

4

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on September 13, 2022:

Larry Hicks
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiffs*

Melissa Thompson Richardson
Alyssa K. Hare
WALTERS RICHARDSON, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant Homdamov*

And a copy of the foregoing was sent via first class mail to the following on September 13, 2022:

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

/s/ *Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE

L:\Active\22-0809dkb\Pleadings\Express Lane Answer.docx

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
*Electronically Filed*

SAM SADUSKY
and
OPAL ROBBINS                                                    PLAINTIFFS

VS.                              **ANSWER**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                         DEFENDANTS

                        ***  ***  ***  ***

Comes the Defendant, Fazliddin Homdamov, by counsel, and for his Answer to Plaintiffs'
Complaint, hereby states as follows:

1.      This Defendant lacks information or knowledge sufficient to determine the truth or
falsity of the allegations in Paragraphs 1 and 2 of the Plaintiffs' Complaint and, therefore, denies
same.

2.      In response to Paragraph 3 of the Plaintiffs' Complaint, this Defendant states that
he lives in Ohio.  This Defendant denies any portion of Paragraph 3 of the Plaintiffs' Complaint
that is contrary to this responsive pleading.

3.      This Defendant lacks information or knowledge sufficient to determine the truth or
falsity of the allegations in Paragraphs 4, 5, 6, 7, and 8 of the Plaintiffs' Complaint and, therefore,
denies same.

4.      This Defendant denies the allegations in Paragraph 9 of the Plaintiffs' Complaint.

5.     This Defendant lacks information or knowledge sufficient to determine the truth or falsity of the allegations in Paragraphs 10, 11, 12, 13, 14, 15, 16, and 17 of the Plaintiffs' Complaint and, therefore, denies same.

## COUNT I

6.     As to the averments contained within Paragraph 1 of Count I of the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

7.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 2 of Count I of the Plaintiffs' Complaint and, therefore, denies same.

## COUNT II

8.     As to the averments contained within Paragraph 1 of Count II the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

9.     This Defendant denies the allegations in Paragraphs 2, 3, 4, and 5 of Count II of the Plaintiffs' Complaint.

## COUNT III

10.     As to the averments contained within Paragraph 1 of Count III of the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

11.     Paragraph 2 of Count III of the Plaintiffs' Complaint calls for a legal conclusion for which no responsive pleading is required.  However, to the extent a responsive pleading is required, this Defendant states that he was performing work at the request of Defendant Express Lane Inc.

2

Filed 22-CI-00788 09/07/2022 David Martin, Boone Circuit Clerk

and that he denies all fault for causing the claimed injures and damages. This Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining averments contained within Paragraph 2 of Count III of the Plaintiffs' Complaint and, therefore, denies same.

<div align="center">**COUNT IV**</div>

12.   As to the averments contained within Paragraph 1 of Count IV of the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

13.   In response to Paragraph 2 of Count IV of the Plaintiffs' Complaint, this Defendant states that he did have insurance with a Progressive entity. This Defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining averments contained within Paragraph 2 of Count IV of the Plaintiffs' Complaint and, therefore, denies same.

<div align="center">**COUNT V**</div>

14.   As to the averments contained within Paragraph 1 of Count V of the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

15.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 2 of Count V of the Plaintiffs' Complaint and, therefore, denies same.

<div align="center">**COUNT VI**</div>

16.   As to the averments contained within Paragraph 1 of Count VI of the Plaintiffs' Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates herein by reference each and every preceding paragraph of this Answer as though set forth fully herein.

17.   This Defendant denies the allegations in Paragraph 2 of Count VI of the Plaintiffs'

<div align="center">3</div>

Complaint.

18.    Each and every allegation contained within the Plaintiffs' Complaint that is not specifically admitted herein is hereby denied.

<p align="center"><b><u>FIRST DEFENSE</u></b></p>

As an affirmative defense, this Defendant specifically pleads that the Plaintiffs' Complaint fails to state a claim against him for which relief may be granted and same therefore should be dismissed.

<p align="center"><b><u>SECOND DEFENSE</u></b></p>

As an affirmative defense, this Defendant specifically pleads that the Plaintiffs' Complaint fails to name and join in this action all real parties in interest and/or all indispensable necessary and proper parties.

<p align="center"><b><u>THIRD DEFENSE</u></b></p>

As an affirmative defense, this Defendant specifically pleads that the Plaintiffs' Complaint is barred by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

<p align="center"><b><u>FOURTH DEFENSE</u></b></p>

As an affirmative defense, this Defendant specifically pleads that the damages alleged in the Plaintiffs' Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of the Plaintiffs and/or persons or entities not presently parties to this lawsuit.

## FIFTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in the Plaintiffs' Complaint, if any, were avoidable consequences, since Plaintiffs failed to mitigate or reduce their alleged damages, if any.

## SIXTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiffs have waived the right to assert a claim against him and is, therefore, estopped to do so in this lawsuit.

## SEVENTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations or the equitable doctrine of laches.

## EIGHTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the injuries and damages alleged in Plaintiffs' Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which this Defendant had no responsibility or control.

## NINTH DEFENSE

As an affirmative defense, this Defendant states that the Plaintiffs' Complaint is barred due to insufficiency of service of process and lack of jurisdiction over the person.

## TENTH DEFENSE

As an affirmative defense, this Defendant specifically states that at the time and on the occasion complained of in Plaintiffs' Complaint he was confronted with a situation of sudden emergency.

5

Filed          22-CI-00788          09/07/2022          David Martin, Boone Circuit Clerk

### ELEVENTH DEFENSE

As an affirmative defense, this Defendant states that Plaintiffs' claims do not support an award of attorneys' fees and attorneys' fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

### TWELFTH DEFENSE

As an affirmative defense, this Defendant adopts and incorporates by reference each and every affirmative defense filed by any Defendant or future Defendant in this matter as they may be applicable to this Complaint.

### THIRTEENTH DEFENSE

As an affirmative defense, this Defendant specifically plead that pre-judgment interest cannot be awarded for an unliquidated claim.

### FOURTEENTH DEFENSE

As an affirmative defense, this Defendant state that the Plaintiffs have accepted the Kentucky Motor Vehicle Reparations Act, KRS 304.39, et seq.; and, therefore, pursuant to the provision in that Act, the Plaintiff is barred from maintaining this action.

### FIFTEENTH DEFENSE

As an affirmative defense, this Defendant state that any injuries or damage which may have occurred as alleged in the Plaintiffs' Complaint were wholly and partly caused by the acts or omissions of others for which this Defendant cannot be liable.

### SIXTEENTH DEFENSE

This Defendant reserves the right to amend this Answer or to assert any additional defenses that become known and available to him.

WHEREFORE, Defendant, Fazliddin Homdamov, prays the Court as follows:

6

1.      That Plaintiffs' Complaint filed against it in this action be dismissed with prejudice and stricken from the docket;

2.      That it be awarded costs herein expended, included reasonable attorney's fees (if applicable);

3.      For a trial of this cause by jury; and

4.      For any and all other just and proper relief to which defendant may appear entitled.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Melissa Thompson Richardson*

_____
Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:      (859) 219-9090
Facsimile:      (859) 219-9292
Email:          Melissa@WaltersRichardson.com
                AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

7

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 7th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiffs*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

*/s/Melissa Thompson Richardson*

_____

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1779630_1.docx

8

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRUIT COURT**
**CASE NO. 22-CI-00788**

**SAM SADUSKY and OPAL ROBBINS**                    **PLAINTIFFS,**

**-VS-**

**FAZLIDDIN HOMDAMOV;**
**PROGRESSIVE PREFERRED**                              **DEFENDANTS.**
**INSURANCE COMPANY; and**
**EXPRESS LANE, INC.**

---

**ANSWER OF DEFENDANT, PROGRESSIVE PREFERRED INSURANCE**
**COMPANY**

---

Comes now the Defendant, Progressive Preferred Insurance Company (hereinafter "Progressive"), by and through counsel, and for its Answer to the Complaint of Plaintiff filed herein, states as follows:

**FIRST DEFENSE**

1.    Plaintiffs' Complaint fails to state a claim against Progressive upon which relief can be granted, and should, therefore, be dismissed and held for naught.

**SECOND DEFENSE**

2.    Plaintiffs' Complaint fails to join necessary and/or proper parties pursuant to CR. 19.01, including, without limitation, subrogees and subrogated claims.

3.    All subrogated claims belong to the subrogees, and cannot be asserted herein by Plaintiffs.

4.    All subrogees and subrogation claims not joined in this action are barred from being presented by Plaintiffs in this action, or by the subrogees in separate actions.

**THIRD DEFENSE**

5.    Plaintiffs' claims are subject to limitation by all defenses which may or could have been raised by Co-Defendant, Fazliddin Homdamov, and including: (a) contributory negligence or assumption of the risk; (b) superseding or intervening causes; and/or (c) third-party negligence.

**FOURTH DEFENSE**

6.    Plaintiffs have failed to mitigate and/or minimize their alleged damages.

1

### FIFTH DEFENSE

7.      Progressive states that it is entitled to a setoff as against any monies which it might be adjudged to be liable to the Plaintiffs, and for any monies previously paid to the Plaintiffs, or which will be paid to the Plaintiffs prior to Judgment, pursuant to the provisions of Chapter 304 of the Kentucky Revised Statutes.

### SIXTH DEFENSE

8.      Plaintiffs' Complaint violates CR. 17.01 and, therefore, should be dismissed and held for naught.

### SEVENTH DEFENSE

9.      Plaintiffs' claims may be barred by the applicable statute of limitations.

### EIGHTH DEFENSE

10.     This Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 18, 21 through 25, and 27 of Plaintiffs' Complaint.

11.     This Defendant specifically denies the allegations contained in Paragraphs 19, 20, and 29 through 32 of Plaintiffs' Complaint.

12.     As to the allegations in Paragraphs 26 and 28 of Plaintiffs' Complaint, Progressive admits Fazliddin Homdamov and Express Lane, Inc. had policies of insurance with Progressive, but denies all other allegations in Paragraph 28.

### NINTH DEFENSE

13.     Plaintiffs' Complaint fails to state a claim for the imposition of pre- or post-judgment interest, or for attorney's fees, and said claims should, therefore, be dismissed and held for naught.

### TENTH DEFENSE

14.     Progressive is entitled to an off-set of any judgment equal to any payment now or hereafter made by the insurer of any tortfeasor presently known or hereafter discovered.

### ELEVENTH DEFENSE

15.     If Progressive is, in fact, a UIM carrier potentially liable for some payment on this claim, said fact as yet not having been proved, it is secondary to one or more other UIM carriers who are primarily responsible for payment on this claim, or the alleged Progressive policy is pro-rata in respect to one or more other UIM policies.

2

garvey shearer nordstrom

**TWELFTH DEFENSE**

16.    Progressive hereby incorporates by reference and further would rely upon all defenses which would become available during discovery, or due to a change in the law.

**THIRTEENTH DEFENSE**

17.    Progressive states that this Court lacks proper jurisdiction over the subject matter in Plaintiffs' Complaint, and Plaintiffs' Complaint should, therefore, be dismissed and held for naught.

**FOURTEENTH DEFENSE**

18.    Progressive specifically reserves the right, in accordance with Kentucky Rules of Civil Procedure 13, et. seq., to amend its pleadings to conform with discovery or evidence at trial, or for purposes of asserting any counterclaim or cross-claim.

**FIFTEENTH DEFENSE**

19.    Plaintiffs lack standing to assert any claims and rights set forth in the Complaint, or, alternatively, the claims and rights asserted therein are not delegable or assignable and/or have been ineffectively delegated or assigned to Plaintiffs.

**SIXTEENTH DEFENSE**

20.    Progressive reserves the right to amend its Answer to of Plaintiffs' Complaint by adopting in whole, or in part, any defense asserted by any other party to all remaining claims asserted by Plaintiffs.

**SEVENTEENTH DEFENSE**

21.    Plaintiffs' Complaint fails to name an indispensable party.

**EIGHTEENTH DEFENSE**

22.    Plaintiffs breached the terms and conditions of the insurance policy through the direct and indirect actions and otherwise is not entitled to recovery under the policy pursuant to its terms, conditions and exclusions.

**NINETEENTH DEFENSE**

23.    Progressive states that the special damages of Plaintiffs' Complaint are not specifically stated in the Complaint as required by CR 9.06.

**TWENTIETH DEFENSE**

24.    Plaintiffs' requested relief or the performance in lieu of which such relief is requested, would be contrary to law.

**WHEREFORE**, the Defendant, Progressive Preferred Insurance Company, prays as follows:

A.    That the Plaintiffs' Complaint be dismissed with prejudice;

B.    For its costs herein expended, including reasonable attorney's fees;

C.    For Trial by Jury duly empaneled;

D.    For apportionment of fault among all potentially responsible parties presently and hereafter joined; and,

E.    For any and all other relief to which it may appear entitled.

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

*/s/Jennifer K. Nordstrom*
Jennifer K. Nordstrom (87687)
Dave W. Zahniser (86564)
2388 Grandview Drive
Ft. Mitchell, Kentucky 41017
Phone:  (513) 445-3373
FAX:  (866) 675-3676
jnordstrom@gsn-law.com,     dzahniser@gsn-law.com
*Attorneys for Defendant, Progressive Preferred Insurance Company*

4

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above document was served by email on this 14th day of September, 2022, upon the following:

Larry Hicks, Esq., CETRULO LAW, PSC, 130 Dudley Road, Suite 200, Edgewood, Kentucky 41017, Email: lhicks@cetrulolaw.com, *Attorney for Plaintiff*

Melissa Thompson Richardson, Alyssa K. Hare, WALTERS RICHARDSON, PLLC, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503, Email: Melissa@WaltersRichardson.com, AHare@WaltersRichardson.com, *Attorneys for Fazliddin Homdamov*

Donald Killian Brown, Jeri Barclay Poppe, DON K. BROWN, PSC, 13102 Eastpoint Park Boulevard, Suite 200, Louisville, Kentucky 40223, Email: jpoppe@donkbrownlaw.com, *Attorneys for Express Lane, Inc.*

*/s/Jennifer K. Nordstrom*

Jennifer K. Nordstrom

5

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**DIVISION III**
**CASE NO.: 22-CI-00788**

SAM SADUSKY
AND
OPAL ROBBINS                                                    **PLAINTIFFS**

V.

FAZLIDDIN HOMDAMOV,
PROGRESSIVE PREFERRED INURANCE COMPANY
AND EXPRESS LANE INC.                                  **DEFENDANTS**

**PLAINTIFF OPAL ROBBIN'S RESPONSES TO**
**DEFENDANTEXPRESS LANE, INC.'S**
**FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** State the full name of the person answering this discovery, any other name you have had or been known by, address, age, residence, business address and occupation.

 **ANSWER:**   Opal Robbins, with the assistance of counsel.

**INTERROGATORY NO. 2:** Do you have information indicating, or any reasons to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the accident?  If so, please describe in detail, specifically stating when you became aware of the defect and when and where it was repaired.

 **ANSWER:**  No.

**INTERROGATORY NO. 3:**  Did you or the driver of your vehicle (hereinafter "your driver") receive a citation for violating any statute or ordinance as a result of the accident? If so, please state the nature of the violation and the agency issuing the same.

**ANSWER:**  No.

**INTERROGATORY NO. 4:** In the 24-hour period immediately preceding the accident, did the driver of your vehicle at the center of this litigation consume alcoholic beverages or take a sedative, tranquilizer or other drug or medicine?  If so, please describe in detail.

**ANSWER:**  No.

**INTERROGATORY NO. 5:** At the time of the accident involved herein, please state:

a.  The route the driver of your vehicle followed from the point where the trip began to the place where the accident occurred; and

b.  Whether the driver of your vehicle had any passenger or passengers in your vehicle at the time of the accident and if so, state the name and address of each such person.

c.  The name and address of the owner of the vehicle.

d.  The names and policy/claims numbers for all insurance on the vehicle your driver was operating and you personally.

e.  Was the driver of your vehicle within the course and scope of any employment at the time of the accident?

**ANSWER:**

a.  Plaintiff was driving northbound along I-75.

b.  There were no passengers.

      c.        Opal Robbins
                   706 11th Street
                   Carrollton, KY 41008

      d.        Progressive Insurance, Policy No. 33716086

      e.        No.

**INTERROGATORY NO. 6:** Are you aware of any person who may have or claims to have knowledge of the accident, any of the events leading up to it or related events occurring thereafter?  If so, state the name and address of each such person and your means of ascertaining the present whereabouts of each such person.

    **ANSWER:**  No.

**INTERROGATORY NO. 7:** Are you aware of the existence of any written or recorded statement made by any party or witness?  If so, state the name and address of each person giving and taking the statement, the date each statement was taken, and the person or organization currently in possession of the original statement.  Please attach to your Answers a copy of any written or recorded statements.

    **ANSWER:**  No.

**INTERROGATORY NO. 8:** Since the time of the accident, have you, your agents or other representatives taken any photographs or prepared any drawings, plats or diagrams of the scene of the accident, or of any object involved in the accident?  If so, describe in detail what is depicted in each photograph, drawing, plate or diagram, and the name and address of the person or organization currently in custody of each item listed.  Please provide a copy of any and all photographs taken.

**ANSWER:**  No.

**INTERROGATORY NO. 9:** Are you aware of the existence of any written estimates for the repair of any vehicles involved in this accident?  If so, describe in detail what the repair is for, and the name and address of the person or organization currently in custody of each item listed.  Please provide a copy of any and all estimates for repair.

**ANSWER:**  No.

**INTERROGATORY NO. 10:** List the name and address of any person who is skilled in any particular field or science, whom you may call as an expert witness at the trial of this action, the substance of their opinions, the facts upon which they will rely, and the source of their factual basis.

**ANSWER:**  Will supplement.

**INTERROGATORY NO. 11:** Please describe in full detail the manner in which the accident occurred, including in your answer all events which you believe had any bearing on the cause and manner of the happening of the accident.

**ANSWER:**  Sam Sadusky, 26 Joseph Street, Carrollton, KY 41008, was traveling northbound on I-75 in the righthand lane when the operator of the semi-truck began merging and struck the vehicle he was driving. Sadusky was not in the course of his employment at the time of the accident.

**INTERROGATORY NO. 12:** If the driver of your vehicle claims to have used the brakes or horn, or to have taken or to have attempted any evasive action at any time before the accident, describe the action taken or attempted, and state your driver's speed and approximate position in terms of distance in feet from Defendant's vehicle when the brakes or horn were applied, and when your driver took or attempted such action.

**ANSWER:**  N/A.

**INTERROGATORY NO. 13:** If you are claiming someone other than the driver of your vehicle caused or contributed to this accident, please state the basis for same.

**ANSWER:**  See answer to Interrogatory 11.

**INTERROGATORY NO. 14:** Have you or the driver of your vehicle has been involved in any other car accidents while operating a motor vehicle, and if so, describe the date and nature of each such accident.

**ANSWER:**  N/A.

**INTERROGATORY NO. 15:** If you had any conversation with the Defendant, Plaintiff Sadusky, or any other person such as a police officer or bystander at the time of or shortly after the accident, give the substance of any such conversation and state what you said to each person and what each person said to you concerning the accident.

**ANSWER:**  Plaintiff has only talked to co-Plaintiff about the accident and the substance was as is laid out in these responses.

**INTERROGATORY NO. 16:** Please list the names, addresses and substance of the testimony of persons you anticipate calling to testify at the trial of this matter.

**ANSWER:**  Will supplement.

**INTERROGATORY NO. 17:** Please list all exhibits and evidence you anticipate introducing at the trial of this matter.

**ANSWER:**  Will supplement.

**INTERROGATORY NO. 18:** Fully identify all insurance policies providing liability coverage for you or your driver, including the name of the insurer, the policy numbers and limits of liability.

    **ANSWER:**   Plaintiff has coverage with Progressive, same as the Defendants.

**INTERROGATORY NO. 19:** Fully identify all places where your driver resided, lived or received mail at the time of this accident occurred.

    **ANSWER:**   26 Joseph Street, Carrollton, KY 41008


**INTERROGATORY NO. 20:** Fully identify (including but not limited to their name, address and phone number) you and your driver's insurance agents.

    **ANSWER:**   Plaintiff is insured by Progressive, same as the Defendant.

**INTERROGATORY NO. 21:** Please describe in detail your relationship with Plaintiff Sadusky and why he was operating your vehicle at the time of the accident.

    **ANSWER:**   Plaintiff Sadusky is my granddaughter's husband. He asked to use the car.

**INTERROGATORY NO. 22**: Please itemize all of your claimed damages and the details of your computation of such damages.

    **ANSWER**:   Plaintiff does not know what the cost of repairs, storage, towing, and loss of use would be.


**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PRODUCTION OF DOCUMENTS NO. 1**:  Please attach to your responses to these discovery requests any and all photographs of the site of the subject accident and/or the vehicles involved in the accident.

**RESPONSE**:        None.

**PRODUCTION OF DOCUMENTS NO. 2**:  Please attach to your responses to these discovery requests any and all statements you gave or have taken in this matter.

**RESPONSE**:        None.

**PRODUCTION OF DOCUMENTS NO. 3**:  For any expert witness listed in your prior answers, please attach to your responses to these discovery requests the experts' curriculum vitae, copies of all published articles and all documents reviewed.

**RESPONSE**:        None.

**PRODUCTION OF DOCUMENTS NO. 4**:  Produce a copy of each declarations page for any insurer providing coverage to you at the time of the accident.

**RESPONSE**:        Plaintiff is insured by Progressive and hereby gives permission to obtain her policy information directly from the company.

**PRODUCTION OF DOCUMENTS NO. 5**:  Please attach to your responses to these discovery requests copies of all records, reports, and bills relating to your answer to Interrogatory No. 22.

**RESPONSE**:        Plaintiff has no such documents.

**PRODUCTION OF DOCUMENTS NO. 6**:  Please attach to your responses to these discovery requests a copy of the title of the vehicle your driver was operating at the time of the accident.

**RESPONSE**:        Will supplement.


Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the ____ day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant, Express Lane, Inc.*

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**DIVISION III**
**CASE NO. 22-CI-00788**

**SAM SADUSKY**
**and**
**OPAL ROBBINS**                                                        **PLAINTIFFS**

**VS.**

**FAZLIDDIN HOMDAMOV;**
**PROGRESSIVE PREFERRED INSURANCE COMPANY;**
**and EXPRESS LANE, INC.**                                   **DEFENDANTS**

---

**PLAINTIFF'S RESPONSES TO DEFENDANT**
**FAZLIDDIN HOMDAMOV'S FIRST SET OF INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

---

**INTERROGATORIES**

**INTERROGATORY NO. 1:**   Please identify each and every individual participating in the answering of these interrogatories, including full name, date of birth, employment address and telephone number, residential address and telephone number, driver's license number, and Social Security number.

**ANSWER:**

Samuel Sadusky
26 Joseph Street
Carrollton, KY 41008
502-686-1298
Samuel.jm.sadusky@gmail.com

DOB: 1/29/1990
SSN:  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
DL #: S17-893-271

Opal Robbins
706 11th Street
Carrollton, KY 41008

H: 502-525-5973
C: 502-713-6849

SSN:  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

**INTERROGATORY NO. 2:**    State your present address and how long you have been living at that address and all other addresses where you have resided for the last ten (10) years, giving the length of stay at each residence.

**ANSWER:**    30+ years.

**INTERROGATORY NO. 3:**    State the names of any and all relatives by blood or marriage that reside in Boone County, Kentucky.

**ANSWER:**    None.

**INTERROGATORY NO. 4:**    Please identify each and every individual who has knowledge of discoverable information regarding the May 12, 2022, motor vehicle accident that gave rise to your cause of action, including home and work addresses, and telephone numbers, and a brief synopsis of the information known by each.

**ANSWER:**    Samuel Sadusky, 26 Joseph Street, Carrollton, KY 41008

**INTERROGATORY NO. 5:**    Describe in complete detail the automobile accident which occurred on or about May 12, 2022, which is the subject matter of this litigation, describing chronologically the events that occurred leading up to the motor vehicle accident, during the accident, and immediately thereafter.

**ANSWER:**  My grandson-in-law was driving my car, traveling northbound on I-75 in the righthand lane when the operator of a semi-truck began to merge and struck the vehicle.

**INTERROGATORY NO. 6:**    Please answer in complete detail the following regarding the vehicle referenced in Paragraph 7 of your Complaint ("the vehicle"):

  a.   The year, model and make of the vehicle;

  b.   The date the vehicle was purchased and the purchase price;

  c.   Whether the vehicle was new or used when purchased;

  d.   The name, address and telephone number of the persons or companies from whom the vehicle was purchased;

  e.   The nature and extent of the damage to the vehicle;

  f.   The actual cost of repair to the vehicle;

  g.   The vehicle's comparative market value before and after the accident;

  h.   The mileage of the vehicle at the time the subject vehicle was purchased;

  i.   The mileage of the vehicle at the time of the accident;

  j.   All individuals and/or entities that have repaired and/or performed maintenance on the subject vehicle, including phone number and address;

  k.   The fair market value of the vehicle immediately prior to and after the accident;

  l.   The method used to determine the fair market value immediately prior to and after the accident;

  m.   Whether you still have the subject vehicle in your possession;

  n.   A description of any and all work done on the subject vehicle within five (5) years before this accident.

**ANSWER:**

1997 Toyota Corolla
Purchased used February 17, 2009 and paid $4,925 at M&M Auto Sales, Carrollton, KY.
Estimated car value - $2,000
DL #: B94-538-882
Minor/moderate damage
Still at Smith's Towing
Before the accident the car was in great condition; no history of or current mechanical issues. No body damage at all, with regular upkeep, tune ups and oil changes.

**INTERROGATORY NO. 7:**     Please describe in complete detail any and all damages to the subject vehicle that you believe were sustained in the motor vehicle accident at issue, as well as all additional damages caused at any time after the accident at issue, identifying the date and cause of each item of damages.

**ANSWER:** Minor to moderate damage.


**INTERROGATORY NO. 8:**     Please identify any repairs, changes, alterations, or modifications made to the vehicle after original purchase until the subject accident occurred.

**ANSWER:**   None.


**INTERROGATORY NO. 9:** If you, or anyone acting on your behalf, have discussed this matter with any of the Defendants, their agents, or employees, please give the following information:

   a.  Identify the individual with whom communications were conducted.

   b.  Please give the date of the communication.

   c.  Please state in detail the substance of the communication.

**ANSWER:**     None.


**INTERROGATORY NO. 10:**     Please identify each and every individual you intend to call as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each.

**ANSWER:**   None.

**INTERROGATORY NO. 11**   With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony at the trial of this matter, state the following:

     a.    Their names and business addresses;

     b.    The field or fields in which said witnesses are to be offered as experts;

     c.    The substance of the facts to which said witnesses are expected to testify; and,

     d.    The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion.

**ANSWER:**   None.

**INTERROGATORY NO. 12:**   Please describe in complete detail the contents of any communication that you had with any body shop, garage, repair shop, or entity or person engaged in repairs and/or storage of the vehicle involved in the motor vehicle accident which is the subject matter of this litigation, including but not limited to the following:

     a.    The date of any such contact;

     b.    The substance of the communication;

     c.    The person or persons with whom you communicated;

     d.    The type of such communication (whether by telephone, fax, email, letter or in person);

     e.    Any description or opinion of damage, and/or the cause thereof, by any auto body repair person.

**ANSWER:**   None.

**INTERROGATORY NO. 13:**     Please identify any body shop, garage, towing service, or entity or person that stored the vehicle following the motor vehicle accident which is the subject matter of this litigation, and state how long the vehicle remained in the possession of any identified entities or persons.

**ANSWER:**   None.

**INTERROGATORY NO. 14:**     Please state in complete detail all facts or other evidence upon which you intend to rely to suggest that Defendant, Fazliddin Homdamov, caused or contributed to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, including the name and address of any person(s) with knowledge of such facts and/or evidence.

**ANSWER:**   My granddaughter, Katelyn, and grandson-in-law, Sam – 26 Joseph Street, Carollton, KY 41008.

**INTERROGATORY NO. 15:**     If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

6

**ANSWER:**   None.


**INTERROGATORY NO. 16:**     If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**   None.


**INTERROGATORY NO. 17:**     For every bit of information, any statement, document, video, audio, photo, tape-recording and/or information retained by any other means of tangible data compilation that has been requested in these Interrogatories or Requests for Production of Documents sent contemporaneously herewith but:

    (a)    has at one time been in the possession of the Plaintiff or her counsel, but no longer is in their possession; or

    (b)    has been sent, transferred, or for whatever reason is now in the possession of someone other than the Plaintiff and/or her counsel; or,

    (c)    has been destroyed, lost, misplaced, or is otherwise not now in the possession of Plaintiff and/or her counsel,

state the nature of the information not provided and not produced, describing the information to the fullest extent possible, and identify all individuals involved in creating, receiving, and/or witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

For all information that is responsive to this Interrogatory, please identify all individuals involved in creating, receiving and witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**  N/A.


**INTERROGATORY NO. 18**:  Please state whether you have ever been a party to a lawsuit before. If your answer is yes, please provide the following information:

     a.      The date the case was filed;

     b.      A description of the claims that were made;

     c.      The reason why suit was filed (slip and fall, motor vehicle accident, etc.);

     d.      A description of the types of injuries alleged in each suit;

     e.      The name and address of the attorney(s) who represented you;

     f.      The disposition of the suit; and

     g.      If there was a monetary settlement, you should also state the sum you received.

**ANSWER**:  No.

**INTERROGATORY NO. 19:**  Do you agree to supplement your answers to these Interrogatories as additional information becomes available to you?

8

**ANSWER**:  Yes.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**     If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any witness or individual relating to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, please produce same for inspection and copying.

**RESPONSE:**    None.


**REQUEST NO. 2:**     If you, or anyone acting on your behalf, have obtained any photographs, videos, or other information retained by any other means of tangible data compilation, with regard to the May 12, 2022, motor vehicle accident, please produce same for inspection and copying.

**RESPONSE:**    Attached.


**REQUEST NO. 3:**     If you have incurred any bills and expenses as a result of the May 12, 2022, motor vehicle accident which is the subject of this litigation, please produce same for purposes of inspection and copying.

**RESPONSE:**    None.


**REQUEST NO. 4:**     For each expert that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

9

**RESPONSE:**   None.


**REQUEST NO. 5:**   If you have received from any of said expert witnesses a written report, please produce same for purposes of inspection and copying.

**RESPONSE:**   None.


**REQUEST NO. 6:**   Please produce each and every document you rely upon to support your answers to these Interrogatories.

**RESPONSE:**   Will supplement.


**REQUEST NO. 7:**   With regard to the amounts you are claiming for each item of damages alleged in your Complaint, please produce for inspection and copying a copy of the calculations used to arrive at each figure.

**RESPONSE:**   Plaintiff does not know what the cost of repairs, storage, towing, and loss of use would be.


**REQUEST NO. 8:** Please produce for inspection and copying complete copies of any and all documents, graphs, maps, charts, reports, electronic and/or tangible material and/or other written material which supports the allegations contained within your Complaint.

**RESPONSE:**   None.

10

**<u>REQUEST NO. 9</u>**: Please provide a copy of any property damage estimates of your vehicle involved in the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, or any other automobile(s) involved in this accident.

**<u>RESPONSE:</u>**        N/A.

**<u>REQUEST NO. 10</u>**:        Please produce certified copies of any insurance policies under which your vehicle was insured at the time of the May 12, 2022, motor vehicle accident.

**<u>RESPONSE</u>**:        Will supplement.

**<u>REQUEST NO. 11</u>**:        Please produce a copy of any recorded statement, regardless of format, you have made in relation to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**<u>RESPONSE</u>**:        None.

**<u>REQUEST NO. 12</u>**:        Please produce a copy of any documentation, regardless of format, submitted to your insurer that in any way relates to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**<u>RESPONSE</u>**:        Will supplement.

**<u>REQUEST NO. 13</u>**:        Please produce a photocopy of your driver's license or valid identification card.

**<u>RESPONSE:</u>**        Will supplement.

11

Respectfully Submitted,

/s/ Larry Hicks
Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the ____ day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant, Express Lane, Inc.*

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CASE NO.: 22-CI-00788

SAM SADUSKY
AND
OPAL ROBBINS                                        PLAINTIFFS

V.

FAZLIDDIN HOMDAMOV,
PROGRESSIVE PREFERRED INURANCE COMPANY
AND EXPRESS LANE INC.                               DEFENDANTS


**PLAINTIFF SAM SADUSKY'S ANSWERS TO
DEFENDANT EXPRESS LANE, INC.'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**


**INTERROGATORY NO. 1**:  Please state your current full name, any other name you have had or been known by, current address, all addresses at which you have resided during the past ten (10) years, date of birth, residence, social security number, current business address and occupation.

**ANSWER**:

Samuel Sadusky
26 Joseph Street
Carrollton, KY 41008
DOB: 1/29/1990
SSN:  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

**INTERROGATORY NO. 2**:  Please describe in full detail the manner in which the event occurred, including in your answer all events which you believe had any bearing on the cause and manner of the happening of the accident.

**ANSWER**:  I was traveling northbound on I-75 in the righthand lane when the operator of a semi-truck began merging and struck my vehicle. After the accident I was transported by EMS due to neck pain.

**INTERROGATORY NO. 3**:  If you were employed at the time of your claimed damages, please state the name and address of your employer and of your immediate superior in your employment at the time of the accident.

**ANSWER**:  DHL through Adecco.

**INTERROGATORY NO. 4**:  Please state whether or not you have ever made a claim of any nature against anyone for personal injury or illness, including any claims for workers' compensation benefits and, if so, please describe the claim(s), including, but not limited to:  the name and address of the person(s), firms or corporations against whom each claim was made; the name and address of each insurance carrier involved; the nature and extent of each injury or illness for which damages were claimed; the amount of damages awarded in each, or if any claim was settled, the amount of each settlement; and the case style, court, and case number of any suit filed.

**ANSWER**:  No.

**INTERROGATORY NO. 5**:     Please state all facts which you believe support your claim against the Defendant.

**ANSWER**:  Mr. Homdamov merged into my lane while I was still in it.

**INTERROGATORY NO. 6**:  Please list the names, addresses, and telephone numbers of all persons you believe were witnesses to this accident or have any relevant

knowledge regarding facts in issue in this case and specify whether each such person is expected to testify at the trial of this matter.

**ANSWER**:  Only the parties.

**INTERROGATORY NO. 7**:  Please state what relevant factual knowledge you believe the persons listed above in Interrogatory No. 6, possess regarding this matter.

**ANSWER**:   The parties who are witnesses to the accident and Ms. Robbins as the owner of the vehicle I was driving.

**INTERROGATORY NO. 8**:  Please list and identify all exhibits or items of tangible evidence you may introduce at trial.

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 9**:  Please list the name, address and all published articles of any person who is skilled in any particular field or science, whom you may call as an expert witness at the trial of this action, the substance of his/her (their) opinion, the facts upon which they will rely, the source of their factual basis and list all cases in which he/she has testified by deposition or at trial in the past ten (10) years (CR 26.02(4)).

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 10**:  Please state whether you have any statement(s) in any form obtained from the Defendant, including their agents, servants or employees, and if so, state the date obtained, by whom and the manner recorded.

**ANSWER**:  No.

**INTERROGATORY NO. 11**:  Please state whether you have ever been convicted of a felony.

**ANSWER**:  No.

**INTERROGATORY NO. 12**:  Please describe in detail all injuries sustained by you for which you claim damages in this action (hereafter, "claimed damages").

**ANSWER**:  Plaintiff has neck, right shoulder, and low back injuries.

**INTERROGATORY NO. 13**:  If you have recovered from any of your claimed damages, please state the approximate date that you were not further bothered by each such alleged claimed damage.

**ANSWER**:  Plaintiff's injuries have improved but have not completely resolved.

**INTERROGATORY NO. 14**:  If you have not recovered from one or more of your claimed damages, please state in detail how each such is affecting you at this time.

**ANSWER**:  The plaintiff still has pain from his injuries but is now able to return to work and participate in most of his normal activities.

**INTERROGATORY NO. 15**:  Please list and identify all sources of recovery you have made from any and all collateral sources for all items of special damages you are claiming resulted from this accident and for each source of recovery, please list the following:  the name, address, and telephone number of provider (insurance or other), claim number, bill paid, name of payee, amount paid; and whether any bill was submitted to two or more sources of recovery for payment, and whether two or more payments were

made, identifying each such bill by providers, amounts of bill, and amount paid by each provider.

**ANSWER**:  Plaintiff has received Personal Injury Protection benefits from Progressive Insurance.

**INTERROGATORY NO. 16**:  Have you or are you entitled to receive any Medicare benefits for any injury you claim as a result of this matter?

**ANSWER**:  No.

**INTERROGATORY NO. 17**:  If you claim in this action lost earnings or impairment or destruction of power to labor and earn money or both, please state:  the details of your computation of damages for such allegedly lost earnings or impairment or destruction of power to labor and earn money; and the details of all disability, sickness, or accident benefits or wage continuation payments from your employer or any other source, including whether such benefits were paid pursuant to a contract with your employer or pursuant to a union contract with your employer and list all of your employers for the past ten (10) years by name, address and telephone number.

**ANSWER**:  Plaintiff missed work from 6/9/2022 to 11/17/2022. During that time Plaintiff would have made approximately $1,000 per week with DHL.

**INTERROGATORY NO. 18**:  Please itemize all of your claimed special damages and the details of your computation of such special damages.

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 19**:  Pursuant to CR 8.01(2), for each and every injury or item of damage you are claiming as a result of this accident, please state the amount you believe will reasonably compensate you for each such item as follows:

**ANSWER**:  Based on the evidence elicited at trial, Plaintiff may seek up to $10,000 in future medical expenses, up to $100,000 in pain and suffering, and up to $15,000 in lost wages.

**INTERROGATORY NO. 20**:  Please state the name and address of each and every health insurance carrier covering you for the past ten (10) years.

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 21**:  If you have any scars or other disfigurements by reason of the claimed damages, please describe them.

**ANSWER**:  No.

**INTERROGATORY NO. 22**:  If you have been seen, treated or examined by any medical provider, including but not limited to any hospital, physician, osteopath, dentist, therapist, chiropractor or any other health care provider (hereafter, collectively, "health care provider")for any claimed damages, please state the name and address of each such health care provider and whether you expect to receive further treatment for any claimed damages and, if so, what, if any, arrangements or appointments you have made for any such treatment.

**ANSWER**:

TRIAD HEALTH SYSTEMS – CARROLLTON MAIN
329 FLOYD DRIVE

CARROLLTON, KY 41008
502-732-1082

CARROLLTON CHIROPRACTIC
2478 KY-227
CARROLLTON, KY 41008
502-732-6007

ORTHO CINCY
560 S. LOOP ROAD
EDGEWOOD, KY 41017
859-301-2663

**INTERROGATORY NO. 23**:  If you have been involved with any kind of injury or illness resulting in similar complaints you are claiming in this accident, before or after the claimed damages for this accident, please state:  the nature, date, and place of each such injury or illness, giving full and complete details; and the name and address of each health care provider (hospital, doctor, chiropractor, or other) attending you for and each such injury or illness.

**ANSWER**: Previous treatment for back injury.

Susan Sanford, Nurse Practitioner and  TriAd Health Systems – Carrollton

**INTERROGATORY NO. 24**:  If you were confined to your home or any place due to any claimed damages, please give full details about the period of time you were so confined and each place where you were so confined.

**ANSWER**:  Not applicable.

**INTERROGATORY NO. 25**:  State the name and address and specialty of each and every doctor, hospital, clinic, medical center, chiropractor, psychiatrist or psychologist, physical therapist or other health care provider that you have seen or who

has treated you in the 10 years preceding the accident, the purpose of treatment and approximate dates if known.

**ANSWER**:

Susan Sanford, Nurse Practitioner

TriAd Health Systems – Carrollton

**INTERROGATORY NO. 26**:  Please state whether or not you have ever made a claim of any nature for Social Security benefits.  If so, please describe the claim(s), including but not limited to:  the nature and extent of each injury or illness for which damages were claimed, and the amount of damages awarded in each, or if any claim was settled, the amount of each settlement.

**ANSWER**:  No.

**INTERROGATORY NO. 27**:  In the 24-hour period immediately preceding the accident, did you consume alcoholic beverages or take a sedative, tranquilizer or other drug or medicine?  If so, please describe in detail.

**ANSWER**:  No.

**INTERROGATORY NO. 28**:  Has the Plaintiff entered into settlement agreements with any other person or entity?  If so, please:

a)   State the amount that each settling person or entity and/or its insurance carrier paid to settle the subject claims;

b)   State whether any settlement and/or release documents were executed pursuant to any such settlement agreement; and

c)      State whether and when agreed dismissal orders have been tendered with respect to each settling person or entity.

**ANSWER**:  No.

**INTERROGATORY NO. 29**:  Please list the name, address and phone number for all trial witnesses and a brief description of their anticipated testimony.

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 30**: Did you have insurance that covered you at the time of the accident?  If so, please state the name of the insurance company, limits of insurance, including PIP/BRB, UIM and any other coverage that paid or may be responsible for paying damages associated with this accident.

**ANSWER**:  Will supplement.

**INTERROGATORY NO. 31**: Please describe your relationship with Plaintiff Opal Robbins and why you were operating her vehicle at the time of the accident.

**ANSWER**:  Opal Robbins is the grandmother of my wife and I asked to borrow her car.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PRODUCTION OF DOCUMENTS NO. 1**:  Please attach to your responses to these discovery requests true and complete copies of your federal income tax returns (including all attached forms and schedules) for the preceding five (5) years.

**RESPONSE**:      Will supplement.

**PRODUCTION OF DOCUMENTS NO. 2**:  Please attach to your responses to these discovery requests any and all photographs and/or videos of your injuries, the site of the subject accident, and/or the vehicles involved in the accident.

**RESPONSE**:          None.

**PRODUCTION OF DOCUMENTS NO. 3**:  Please attach to your responses to these discovery requests any and all statements which Plaintiff or his counsel obtained from the Defendant.

**RESPONSE**:          None.

**PRODUCTION OF DOCUMENTS NO. 4**:  For any expert witness listed in your prior responses, please attach to your responses to these discovery requests their curriculum vitae, copies of all published articles and all documents reviewed.

**RESPONSE**:          Will supplement.

**PRODUCTION OF DOCUMENTS NO. 5**:  Please attach to your responses to these discovery requests copies of any and all records referred to in Interrogatory No. 17, including but not limited to:  reports and/or bills of your employer relating to a claim for lost earnings or impairment or destruction of power to labor or earn money or both; and your state and federal income tax returns, including all W-2 forms and all schedules for each of the preceding five (5) years from the date of the incident described in the complaint and continuing to date.

**RESPONSE**:          Attached.

**PRODUCTION OF DOCUMENTS NO. 6**:  Please attach to your responses to these discovery requests copies of all records, reports and bills of each health care provider referred to in Interrogatory No. 25.

**RESPONSE**:          Attached.

**PRODUCTION OF DOCUMENTS NO. 7**:  Please attach to your responses to these discovery requests copies of all records, reports and bills relating to each injury or illness referred to in Interrogatory No. 23.

**RESPONSE**:          Plaintiff has no documents responsive to this request but will sign a medical authorization on behalf of the Defendant.

**PRODUCTION OF DOCUMENTS NO. 8**:  Please attach to your responses to these discovery requests copies of all records, reports, and bills relating to your answer to Interrogatory No. 22.

**RESPONSE**:          Attached.

**PRODUCTION OF DOCUMENTS NO. 9**:  Please execute the attached Medical Information Release Authorization, Employment Information Release Authorization and Social Security Information Release Authorization.

**RESPONSE**:          Will supplement.

**PRODUCTION OF DOCUMENTS NO. 10**:  Please produce any and all documents identified in Interrogatory No. 24.

**RESPONSE**:          None.

**PRODUCTION OF DOCUMENTS NO. 11**: Please produce a copy of any and all insuring agreements identified in Interrogatory No. 30.

**RESPONSE**:        Will supplement.

Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the ____ day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Donald Killian Brown

Jeri Barclay Poppe
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant, Express Lane, Inc.*

Filed                        22-CI-00788 07/13/2022        David Martin, Boone Circuit Clerk
A true copy attest      22-CI-00788 07/13/2022        /s/David Martin, Boone Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## BOONE CIRCUIT COURT
## DIVISION _____
### CASE NO.: 22-CI-_____

**SAM SADUSKY**
**26 JOSEPH STREET**
**CARROLLTON, KY 41008**

**AND**

**OPAL ROBBINS**
**706 11TH STREET**
**CARROLLTON, KY 41008**                                   **PLAINTIFFS**

**V.**

**FAZLIDDIN HOMDAMOV**
**8781 WALES DRIVE**
**CINCINNATI, OH 45249**

>     **SERVE HIS REGISTERED AGENT:**
>     **KENTUCKY SECRETARY OF STATE**
>     **700 CAPITOL AVENUE, SUITE 152**
>     **FRANKFORT, KY 40601**

**AND**

**PROGRESSIVE PREFERRED INURANCE COMPANY**
**6300 WILSON MILLS ROAD**
**MASONFIELD VILLAGE, OH 44143**

>     **SERVE ITS REGISTERED AGENT:**
>     **KENTUCKY SECRETARY OF STATE**
>     **700 CAPITOL AVENUE, SUITE 152**
>     **FRANKFORT, KY 40601**

**AND**

**EXPRESS LANE INC.**
**5061 SUNBURST WAY**
**MASON, OH 45040**

>     **SERVE ITS REGISTERED AGENT:**
>     **KENTUCKY SECRETARY OF STATE**
>     **700 CAPITOL AVENUE, SUITE 152**
>     **FRANKFORT, KY 40601**

Package:000003 of 000008

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000003 of 000008

Filed                        22-CI-00788 07/13/2022        David Martin, Boone Circuit Clerk
A true copy attest      22-CI-00788 07/13/2022        /s/David Martin, Boone Circuit Clerk

Filed                        22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest    22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

## COMPLAINT

1. The Plaintiff Opal Robbins is a Kentucky resident residing at 706 11th Street, Carrollton, KY, 41008.

2. Sam Sadusky is a Kentucky resident residing at 26 Joseph Street, Carrollton, KY, 41008.

3. The Defendant, Fazliddin Homdamov, is an Ohio resident residing at 8781 Wales Drive, Cincinnati, OH, 45249.

4. Progressive Preferred Insurance Company is an Ohio company doing business in the state of Kentucky.

5. Express Lane Inc. is an Ohio corporation doing business in the state of Kentucky.

6. Plaintiff Robbins had an automobile insurance policy with the Defendant Progressive.

7. On May 12th, 2022, Plaintiff Sadusky was operating Ms. Robbins' automobile on Interstate 75 in Florence, Kentucky.

8. At the same time, Defendant Homdamov was operating a vehicle owned by Expresslane Inc. in the same vicinity as Plaintiff.

9. Defendant Homdamov, while in the course of his employment with Express Lane Inc., crashed into Mr. Sadusky's vehicle, causing property damage and injury.

10. Subsequent to the accident, Ms. Robbins' vehicle was towed to Smith's Towing in Erlanger, Kentucky. Shortly thereafter, a local agent for Defendant

Package :000004 of 000008                    Presiding Judge: HON. JAMES R. SCHRAND (654281)                    Package : 000004 of 000008

Filed                        22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest    22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

Filed              22-CI-00788 07/13/2022        David Martin, Boone Circuit Clerk
A true copy attest  22-CI-00788 07/13/2022        /s/David Martin, Boone Circuit Clerk

Progressive instructed Plaintiffs that the vehicle should remain there until an adjuster had an opportunity to assess the damage and take photographs.

11. Then on June 7th, 2022, Plaintiffs received a letter indicating that they were to move the vehicle and mitigate damages by doing so.

12. Plaintiff's counsel discussed the matter with an agent for Progressive and was told that Progressive would pick up the vehicle and pay for the storage and towing charges that had been incurred.

13. Subsequent to that time Progressive took the position that neither Express Lane nor Mr. Homdamov had coverage for the accident and therefore, Progressive refused to pay the towing and storage fees.

14. When Plaintiff's counsel pointed out to an agent of Progressive that the company had already committed to moving the vehicle and paying the fees, the agent took the position that the earlier representation was conditioned upon approval by a supervisor.

15. No such condition was conveyed to Plaintiff's counsel.

16. Ms. Robbins' vehicle has remained in storage, accumulating fees and she is without the financial wherewithal to retrieve the vehicle.

17. Jurisdiction is proper in that the actions in this complaint occurred in Boone County, Kentucky and the amount in controversy exceeds the five thousand dollar jurisdictional minimum of this court.

## COUNT I

1. Plaintiffs incorporate by reference all allegations above.

2. Plaintiff Robbins' has been damaged by Progressive's handling of this matter. Its direction that the car should remain in storage and then its refusal to honor its

Filed              22-CI-00788 07/13/2022        David Martin, Boone Circuit Clerk
A true copy attest  22-CI-00788 07/13/2022        /s/David Martin, Boone Circuit Clerk

Package:000005 of 000008

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000005 of 000008

Filed                    22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest    22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

commitment to paying for the storage has caused the associated bill to be beyond

her means. As a result of her reliance upon the directions and representations of

Defendant Progressive, Progressive should be required to pay the accumulated

storage fees for the vehicle.

### COUNT II

1. Plaintiff incorporates by reference all of the preceding allegations.

2. Plaintiff Sadusky was exercising caution and reasonableness and acting in a
   lawful manner at the time of the collision.

3. Defendant Homdamov failed to observe that Plaintiff Sadusky was in the lane
   that Defendant Homdamov was attempting to enter, causing the collision.

4. Defendant Homdamov breached his duty to the Plaintiff, operating in a careless
   manner and failing to pay attention, causing the collision.

5. As a direct and proximate result of Defendant Homdamov's negligence, Plaintiff
   has endured pain and suffering, incurred medical expenses, has suffered lost
   wages, and will continue to suffer and sustain losses in the future. Defendant
   Homdamov's negligence was a substantial factor in causing the injures and
   losses.

### COUNT III

1. Plaintiff incorporates by reference all of the preceding allegations.

2. At the time of the collision, Defendant Homdamov was acting in the course
   and scope of his employment with Defendant Express Lane Inc. As a result
   Express Lane Inc. is responsible for Plaintiffs' damages pursuant to
   Respondeat Superior.

### COUNT IV

Package:000006 of 000008

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000006 of 000008

Filed                    22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest    22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

Filed                22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest   22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

1. Plaintiff incorporates by reference all of the preceding allegations.

2. Defendants Express Lane Inc. and Homdamov each had policies of insurance with Progressive at the time of the incident. As a result of this coverage, Defendant Progressive is responsible for the damages sustained by Plaintiffs.

## COUNT V

1. Plaintiff incorporates by reference all of the preceding allegations.

2. Pleading in the alternative, should it be determined that Defendants Express Lane Inc. and Homdamov do not have coverage with Progressive, Progressive owes benefits to Plaintiff Sadusky pursuant to the uninsured coverage of Ms. Robbins' policy with Progressive.

## COUNT VI

1. Plaintiff incorporates by reference all of the preceding allegations.

2. As a result of the negligence of Defendant Homdamov, Ms. Robbins' has suffered economic loss in the form of property damage, towing costs, storage fees, and loss of use.

**WHEREFORE**, Plaintiffs pray as follows:

A. For a trial by jury;

B. For a judgment against the Defendants Express Lane Inc. and Homdamov in an amount to be determined by trial;

C. For a determination that Defendants Homdamov and Express Lane Inc. have coverage for the incident with Defendant Progressive.

D. In the alternative, should Progressive be determined not to have coverage for Defendants Homdamov and Express Lane Inc. for this incident, then Plaintiff prays for a judgment for uninsured benefits in an amount to be proven at trial;

E. For costs and attorney's fees herein;

F. For judgment against Defendants for Ms. Robbins' property damage and associated losses; and

Package :000007 of 000008

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000007 of 000008

Filed                22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest   22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

Filed                    22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest       22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

G.  For any and all other relief to which Plaintiffs may be entitled.

Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiff*

Package:000008 of 000008

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000008 of 000008

Filed                    22-CI-00788 07/13/2022          David Martin, Boone Circuit Clerk
A true copy attest       22-CI-00788 07/13/2022          /s/David Martin, Boone Circuit Clerk

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
*Electronically Filed*

SAM SADUSKY
and
OPAL ROBBINS                                                                          PLAINTIFFS

VS.                          **NOTICE-MOTION-ORDER**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                      DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**NOTICE**

Please take notice that on January 10, 2023, at 9:00 a.m., in the Courtroom of the above

Court, the Defendant, Fazliddin Homdamov, will make the motion and tender the Order set out

below.

**MOTION TO COMPEL**

Comes the Defendant, Fazliddin Homdamov, by counsel, and pursuant to Civil Rule 37.01

of the Kentucky Rules of Civil Procedure, hereby moves this Court to compel the Plaintiff, Opal

Robbins, to respond to Interrogatories, Requests for Production of Documents, and Request for

Admissions served upon her. In support of this motion, Defendant, Fazliddin Homdamov, states

as follows:

Defendant, Fazliddin Homdamov, served his First Set of Interrogatories, Requests for

Production of Documents, and Admissions upon the Plaintiff on or about September 12, 2022.

(**Exhibit A**). On October 19, 2022, Defendant's counsel sent a letter advising of the status of the

overdue discovery responses. (**Exhibit B**). Defendant's counsel sent a follow up email on

Filed          22-CI-00788          01/03/2024          David Martin, Boone Circuit Clerk

November 22, 2022. (**Exhibit C**). To date, Defendant has not received Plaintiff's discovery responses.

WHEREFORE, the Defendant, Fazliddin Homdamov, respectfully moves this Court for entry of an Order compelling the Plaintiff, Opal Robbins, to respond to his First Set of Interrogatories, Requests for Production of Documents, and Admissions.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:      (859) 219-9292
Email:           Melissa@WaltersRichardson.com
                    AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

9EA67A7A-BE72-4B00-AA0D-5674E7EFBDEF : 000002 of 000021

COM : 000002 of 000003

2

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the 3rd day of January, 2023 by

mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Jennifer K. Nordstrom
Dave W. Zahniser
Garve Sheare Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, Kentucky 41017
jnordstrom@gsn-law.com
dzahniser@gsnlaw.com
*Counsel for Defendant,*
*Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd
Suite 200
Louisville, KY  40223
*Counsel for Express Lane, Inc.*

*/s/Alyssa K. Hare*

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1856052_1.docx

3

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788

SAM SADUSKY
and
OPAL ROBBINS                                                                          PLAINTIFFS

VS.          **DEFENDANT FAZLIDDIN HOMDAMOV'S**
       **FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
        **PRODUCTION OF DOCUMENTS PROPOUNDED TO**
                   **PLAINTIFF OPAL ROBBINS**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                              DEFENDANTS

                        *** *** *** ***

Pursuant to CR 33 and CR 34, the Defendant, Fazliddin Homdamov, hereby propounds the following discovery requests upon the Plaintiff, Opal Robbins, to be responded to in writing, under oath, and as otherwise required by the Kentucky Rules of Civil Procedure, and pursuant to the definitions and instructions set out below.

In answering the Interrogatories, all information is to be divulged that is within the knowledge, possession, or control of you, your attorney, or your agents, or that may be reasonably ascertained by you or them. You are requested to supplement your initial answers to these Interrogatories after service of your answers if you later ascertain or acquire any information that falls within the scope of these Interrogatories or if events within the scope of these Interrogatories occur after service of your answers.

You are requested to produce any requested documents to the office of Walters Richardson, PLLC, 920 Lily Creek Road, Suite 120, Louisville, Kentucky, within thirty (30) days of service hereof. At your option, however, you may, prior to this date, provide the Defendant with copies of

EXHIBIT A

all documents in your possession, custody, or control responsive to these requests by hand-delivering or mailing copies of those documents to counsel for Defendant at the address listed above. If you choose to respond under this option, you are instructed to retain the originals of the documents so that the Defendant or its counsel may inspect them if they desire. If you desire to produce the documents at a different location, date, or time, or to produce the documents in a different manner, please contact counsel for Defendant to make other reasonable arrangements for production.

## DEFINITIONS AND INSTRUCTIONS

A. Each document request seeks all information available to the Plaintiff, Opal Robbins, her attorneys or agents, and any other persons acting on her behalf.

B. As used herein, the terms "Plaintiff," "you," or "your" mean, without limitation, the Plaintiff, Opal Robbins, her attorneys, agents, and representatives.

C. An interrogatory asking you to "state in detail" or "describe in detail" seeks disclosure of each fact, circumstance, condition, or anything known to you about the subject of the interrogatory containing the phrase, as of the date the Interrogatories were answered.

D. If an interrogatory asks you to "state in detail" the basis for a contention, you should state all facts, law, and applications of law to fact upon which you relied or rely in making or maintaining the contention.

E. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in CR 34.01. A draft or non-identical copy is a separate document within the meaning of this term.

Filed          22-CI-00788        01/03/2023        David Martin, Boone Circuit Clerk

F.      The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration, or additional writing or other change from the original, or from any other copy, has been made.

G.      "Person" or "persons" means all entities, including, without limiting the generality of the foregoing, all natural persons, corporations, firms, companies, partnerships, joint ventures, associations, trusts, estates, departments, boards, bureaus, governmental or public agencies, and any other public, private, or legal entity.

H.      Where appropriate in these requests, the singular form of a word shall be interpreted as plural, and the plural form as singular.

I.      Where appropriate in these interrogatories, "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring under the scope of these requests any information that might otherwise be construed to be outside of their scope.

J.      When an interrogatory requires you to describe or identify a person or other entity, it is intended that the answer shall give the name, address, and telephone number of the person or entity, and the name of the individual's workplace, workplace address, and workplace phone number.

K.      If there is objection to the production of any document or part thereof under the claim of privilege or work product, then please identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by stating the type of document, the date of the document, its sender(s), or preparer(s), its addressee(s), the person(s) to whom the document was shown or to whom copies were furnished, the subject matter of the document, and the person in whose custody the document is presently located. If the basis

Filed          22-CI-00788        01/03/2023        David Martin, Boone Circuit Clerk

Filed          22-CI-00788          01/03/2022          David Martin, Boone Circuit Clerk

of your objection is confidentiality, please inform us as soon as possible so that the parties may execute a confidentiality agreement.

L.      If any document requested was, but is no longer, in your possession, custody, or control, please state whether the document is missing or lost, has been destroyed, has been transferred to another person, or otherwise has been disposed of. For each such document, please explain the circumstances surrounding disposition and describe the subject matter of the document.

M.      Please produce documents by category, as specified in CR 34.02. Consider each request a category.

N.      These requests are continuing ones, and Plaintiff shall produce for inspection and copying any documents requested that are non-existent or unavailable at the date of production, but which come into existence or become available at any time prior to or during the trial of this action.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      Please identify each and every individual participating in the answering of these interrogatories, including full name, date of birth, employment address and telephone number, residential address and telephone number, driver's license number, and Social Security number.

**ANSWER:**


**INTERROGATORY NO. 2:**      State your present address and how long you have been living at that address and all other addresses where you have resided for the last ten (10) years, giving the length of stay at each residence.

**ANSWER:**

Filed          22-CI-00788          01/03/2023          David Martin, Boone Circuit Clerk

9EA57A7A-BE72-4B00-AA0D-5674E7EFBDEF : 000007 of 000021

EXH : 000004 of 000015

**INTERROGATORY NO. 3:**    State the names of any and all relatives by blood or marriage that reside in Boone County, Kentucky.

**ANSWER:**

**INTERROGATORY NO. 4:**    Please identify each and every individual who has knowledge of discoverable information regarding the May 12, 2022, motor vehicle accident that gave rise to your cause of action, including home and work addresses, and telephone numbers, and a brief synopsis of the information known by each.

**ANSWER:**

**INTERROGATORY NO. 5:**    Describe in complete detail the automobile accident which occurred on or about May 12, 2022, which is the subject matter of this litigation, describing chronologically the events that occurred leading up to the motor vehicle accident, during the accident, and immediately thereafter.

**ANSWER:**

**INTERROGATORY NO. 6:**    Please answer in complete detail the following regarding the vehicle referenced in Paragraph 7 of your Complaint ("the vehicle"):

  a.    The year, model and make of the vehicle;

  b.    The date the vehicle was purchased and the purchase price;

  c.    Whether the vehicle was new or used when purchased;

  d.    The name, address and telephone number of the persons or companies from whom the vehicle was purchased;

  e.    The nature and extent of the damage to the vehicle;

5

f.    The actual cost of repair to the vehicle;

g.    The vehicle's comparative market value before and after the accident;

h.    The mileage of the vehicle at the time the subject vehicle was purchased;

i.    The mileage of the vehicle at the time of the accident;

j.    All individuals and/or entities that have repaired and/or performed maintenance on the subject vehicle, including phone number and address;

k.    The fair market value of the vehicle immediately prior to and after the accident;

l.    The method used to determine the fair market value immediately prior to and after the accident;

m.    Whether you still have the subject vehicle in your possession;

n.    A description of any and all work done on the subject vehicle within five (5) years before this accident.

**ANSWER:**

**INTERROGATORY NO. 7:**    Please describe in complete detail any and all damages to the subject vehicle that you believe were sustained in the motor vehicle accident at issue, as well as all additional damages caused at any time after the accident at issue, identifying the date and cause of each item of damages.

**ANSWER:**

**INTERROGATORY NO. 8:**    Please identify any repairs, changes, alterations, or modifications made to the vehicle after original purchase until the subject accident occurred.

**ANSWER:**

6

**INTERROGATORY NO. 9:**   If you, or anyone acting on your behalf, have discussed this matter with any of the Defendants, their agents, or employees, please give the following information:

    a.   Identify the individual with whom communications were conducted.

    b.   Please give the date of the communication.

    c.   Please state in detail the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 10:**   Please identify each and every individual you intend to call as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each.

**ANSWER:**

**INTERROGATORY NO. 11**   With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony at the trial of this matter, state the following:

    a.     Their names and business addresses;

    b.     The field or fields in which said witnesses are to be offered as experts;

    c.     The substance of the facts to which said witnesses are expected to testify; and,

    d.     The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

7

Filed          22-CI-00788          01/03/2022          David Martin, Boone Circuit Clerk

**INTERROGATORY NO. 12:**      Please describe in complete detail the contents of any communication that you had with any body shop, garage, repair shop, or entity or person engaged in repairs and/or storage of the vehicle involved in the motor vehicle accident which is the subject matter of this litigation, including but not limited to the following:

    a.    The date of any such contact;

    b.    The substance of the communication;

    c.    The person or persons with whom you communicated;

    d.    The type of such communication (whether by telephone, fax, email, letter or in person);

    e.    Any description or opinion of damage, and/or the cause thereof, by any auto body repair person.

**ANSWER:**

**INTERROGATORY NO. 13:**      Please identify any body shop, garage, towing service, or entity or person that stored the vehicle following the motor vehicle accident which is the subject matter of this litigation, and state how long the vehicle remained in the possession of any identified entities or persons.

**ANSWER:**

**INTERROGATORY NO. 14:**      Please state in complete detail all facts or other evidence upon which you intend to rely to suggest that Defendant, Fazliddin Homdamov, caused or contributed to the May 12, 2022, motor vehicle accident which is the subject matter of this

Filed          22-CI-00788          01/03/2023          David Martin, Boone Circuit Clerk

litigation, including the name and address of any person(s) with knowledge of such facts and/or evidence.

**ANSWER:**


**INTERROGATORY NO. 15:**  If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**


**INTERROGATORY NO. 16:**  If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond

fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

**INTERROGATORY NO. 17:**     For every bit of information, any statement, document, video, audio, photo, tape-recording and/or information retained by any other means of tangible data compilation that has been requested in these Interrogatories or Requests for Production of Documents sent contemporaneously herewith but:

    (a)    has at one time been in the possession of the Plaintiff or her counsel, but no longer is in their possession; or

    (b)    has been sent, transferred, or for whatever reason is now in the possession of someone other than the Plaintiff and/or her counsel; or,

    (c)    has been destroyed, lost, misplaced, or is otherwise not now in the possession of Plaintiff and/or her counsel,

state the nature of the information not provided and not produced, describing the information to the fullest extent possible, and identify all individuals involved in creating, receiving, and/or witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

For all information that is responsive to this Interrogatory, please identify all individuals involved in creating, receiving and witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

**INTERROGATORY NO. 18**:  Please state whether you have ever been a party to a lawsuit before. If your answer is yes, please provide the following information:

      a.      The date the case was filed;

      b.      A description of the claims that were made;

      c.      The reason why suit was filed (slip and fall, motor vehicle accident, etc.);

      d.      A description of the types of injuries alleged in each suit;

      e.      The name and address of the attorney(s) who represented you;

      f.      The disposition of the suit; and

      g.      If there was a monetary settlement, you should also state the sum you received.

**ANSWER**:

**INTERROGATORY NO. 19:**  Do you agree to supplement your answers to these Interrogatories as additional information becomes available to you?

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**      If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any witness or individual relating to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, please produce same for inspection and copying.

**RESPONSE:**

11

**REQUEST NO. 2:**     If you, or anyone acting on your behalf, have obtained any photographs, videos, or other information retained by any other means of tangible data compilation, with regard to the May 12, 2022, motor vehicle accident, please produce same for inspection and copying.

**RESPONSE:**

**REQUEST NO. 3:**   If you have incurred any bills and expenses as a result of the May 12, 2022, motor vehicle accident which is the subject of this litigation, please produce same for purposes of inspection and copying.

**RESPONSE:**

**REQUEST NO. 4:**   For each expert that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

**RESPONSE:**

**REQUEST NO. 5:**    If you have received from any of said expert witnesses a written report, please produce same for purposes of inspection and copying.

**RESPONSE:**

**REQUEST NO. 6:**    Please produce each and every document you rely upon to support your answers to these Interrogatories.

**RESPONSE:**

12

Filed          22-CI-00788          01/03/2023          David Martin, Boone Circuit Clerk

**REQUEST NO. 7:**      With regard to the amounts you are claiming for each item of damages alleged in your Complaint, please produce for inspection and copying a copy of the calculations used to arrive at each figure.

**RESPONSE:**

**REQUEST NO. 8:**    Please produce for inspection and copying complete copies of any and all documents, graphs, maps, charts, reports, electronic and/or tangible material and/or other written material which supports the allegations contained within your Complaint.

**RESPONSE:**

**REQUEST NO. 9**:    Please provide a copy of any property damage estimates of your vehicle involved in the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, or any other automobile(s) involved in this accident.

**REQUEST NO. 10**:   Please produce certified copies of any insurance policies under which your vehicle was insured at the time of the May 12, 2022, motor vehicle accident.

**RESPONSE**:

**REQUEST NO. 11**:   Please produce a copy of any recorded statement, regardless of format, you have made in relation to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**RESPONSE**:

9EA67A7A-BE72-4B00-AA0D-5674E7EFBDEF : 000016 of 000021

EXH : 000013 of 000015

Filed          22-CI-00788          01/03/2023          David Martin, Boone Circuit Clerk

**REQUEST NO. 12**: Please produce a copy of any documentation, regardless of format, submitted to your insurer that in any way relates to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**RESPONSE**:


**REQUEST NO. 13:**     Please produce a photocopy of your driver's license or valid identification card.

**RESPONSE:**

<div style="margin-left:40%">

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:      (859) 219-9292
Email:            Melissa@WaltersRichardson.com
                      AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

</div>

14

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks                                    Progressive Preferred Insurance Company
Cetrulo Law, PSC                               6300 Wilson Mills Road
130 Dudley Road, Suite 200                     Masonfield Village, OH 44143
Edgewood, KY 41017                             *Defendant*
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

*/s/Alyssa K. Hare*
_____
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1780474_1.docx

15



WALTERS
RICHARDSON
PLLC

PLANNING TO RESOLVE. PREPARING TO WIN.

October 19, 2022

**_Sent Via Email:_**  lhicks@cetrulolaw.com

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017

RE:     **Sam Sadusky and Opal Robbins v. Fazliddin Homdamov, et al.**
        Boone Circuit Court; Division III; Civil Action No. 22-CI-00788

Dear Mr. Hicks:

On September 12, 2022, I served Interrogatories, Requests for Production of Documents, and Requests for Admissions on the Plaintiffs. The Plaintiffs were required to serve their answers on or before October 12, 2022. To date, I have not received the Plaintiffs' answers. Please provide the answers to me within ten days of this letter. If the Plaintiff cannot meet this timeframe, please contact me to discuss a brief extension.

Sincerely,

Melissa Thompson Richardson
Lexington Office
Melissa@WaltersRichardson.com

MTR/AKH/baj

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1813379_1.docx

**LEXINGTON**
771 CORPORATE DRIVE
SUITE 900
LEXINGTON, KY 40503
P: 859-219-9090
F: 859-219-9292

**LOUISVILLE**
920 LILY CREEK ROAD
SUITE 102
LOUISVILLE, KY 40243
P: 502-785-9090
F: 502-742-0326

**CINCINNATI**
334 BEECHWOOD ROAD
SUITE 304
FT. MITCHELL, KY 41017
P: 859-444-4949
F: 859-360-2866

**NASHVILLE**
100 HAZEL PATH COURT
SUITE A
HENDERSONVILLE, TN 37075
P: 615-919-9090
F: 859-219-9292

WWW.WALTERSRICHARDSON.COM

EXHIBIT B

| | |
|---|---|
| **From:** | Alyssa Hare |
| **To:** | "lhicks@cetrulolaw.com" |
| **Cc:** | Melissa Thompson Richardson; Beverly A. Jones |
| **Subject:** | Sam Sadusky and Opal Robbins v. Fazliddin Homdamov |
| **Date:** | Tuesday, November 22, 2022 10:47:00 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Mr. Hicks,

We previously sent you a letter on October 19, 2022 advising of overdue discovery, including admissions. Please provide you clients' responses to the discovery and admissions as soon as possible.

Thank you,



Alyssa Hare | Associate
920 Lily Creek Road, Suite 102  |  Louisville, KY 40243
Phone: (502)785-9090  |  Fax: (502)742-0326
Email: ahare@waltersrichardson.com
Website: www.waltersrichardson.com

Please consider the environment before printing this email.
NOTICE:  This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential.  It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver to the named addressee).  It is not to be copied or forwarded to any unauthorized persons.  If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Walters Richardson, PLLC at (502) 785-9090 (collect) so that our address record can be corrected.

EXHIBIT C

Tendered        22-CI-00788        01/03/2023        David Martin, Boone Circuit Clerk

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
*Electronically Filed*

SAM SADUSKY
and
OPAL ROBBINS                                                                PLAINTIFFS

VS.                                    **ORDER**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                              DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The parties having appeared before the Court on the Motion to Compel filed by the

Defendant, Fazliddin Homdamov, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the Motion to Compel is **GRANTED**.  The Plaintiff,

Opal Robbins, shall serve Answers to Fazliddin Homdamov's Interrogatories, Requests for

Production of Documents, and Requests for Admission on or before January 20, 2023.

So Ordered this _____ day of _____, 20_____.


_____
JUDGE, BOONE CIRCUIT COURT

Tendered By:

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____
Alyssa K. Hare

**Distribution List:**
[  ] Larry Hicks
[  ] Jennifer K. Nordstrom, Dave W. Zahniser
[  ] Donald Killian Brown, Jeri Barclay Poppe
[  ] Melissa Thompson Richardson, Alyssa K. Hare

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRUIT COURT**
**CASE NO. 22-CI-00788**

**SAM SADUSKY and OPAL ROBBINS**                                      **PLAINTIFFS,**

**-VS-**

**FAZLIDDIN HOMDAMOV;**
**PROGRESSIVE PREFERRED**                                      **DEFENDANTS.**
**INSURANCE COMPANY; and**
**EXPRESS LANE, INC.**

---

**NOTICE OF ELECTION OF ELECTRONIC SERVICE**

---

Pursuant to CR 5.02(2), as amended effective January 1, 2014, the parties will hereby take notice that undersigned counsel elects to effectuate and receive service via electronic means to and from all other parties represented by counsel.  Please direct all future filings in this matter to the undersigned as follows:

Jennifer K. Nordstrom:  jnordstrom@gsn-law.com, cminor@gsn-law.com

Dave W. Zahniser:  dzahniser@gsn-law.com

Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

1

Respectfully submitted,

GARVEY │ SHEARER │ NORDSTROM, PSC

**/s/Jennifer K. Nordstrom**

Jennifer K. Nordstrom (87687)
Dave W. Zahniser (86564)
2388 Grandview Drive
Ft. Mitchell, Kentucky 41017
Phone: (513) 445-3373
FAX: (866) 675-3676
jnordstrom@gsn-law.com,     dzahniser@gsn-law.com
*Attorneys for Defendant, Progressive Preferred Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above document was served by email on this 14th day of September, 2022, upon the following:

Larry Hicks, Esq., CETRULO LAW, PSC, 130 Dudley Road, Suite 200, Edgewood, Kentucky 41017, Email: lhicks@cetrulolaw.com, *Attorney for Plaintiff*

Melissa Thompson Richardson, Alyssa K. Hare, WALTERS RICHARDSON, PLLC, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503, Email: Melissa@WaltersRichardson.com, AHare@WaltersRichardson.com, *Attorneys for Fazliddin Homdamov*

Donald Killian Brown, Jeri Barclay Poppe, DON K. BROWN, PSC, 13102 Eastpoint Park Boulevard, Suite 200, Louisville, Kentucky 40223, Email: jpoppe@donkbrownlaw.com, *Attorneys for Express Lane, Inc.*

**/s/Jennifer K. Nordstrom**

Jennifer K. Nordstrom

## COMMONWEALTH OF KENTUCKY
## BOONE CIRCUIT COURT
## DIVISION III
## CASE NO.: 22-CI-00788

**SAM SADUSKY**
**AND**
**OPAL ROBBINS**                                    **PLAINTIFFS**

**V.**

**FAZLIDDIN HOMDAMOV,**
**PROGRESSIVE PREFERRED INURANCE COMPANY**
**AND EXPRESS LANE INC.**                           **DEFENDANTS**

---

## NOTICE OF PRODUCTION

---

Comes now Plaintiff, Sam Sadusky, by and through counsel, has responded to Defendant Fazliddin Homdamov's First Set of Interrogatories and Request for Production of Documents.

Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 20th day of December, 2022 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Filed 22-CI-00788 01/09/2024 David Martin, Boone Circuit Clerk

5ED9FBAC-6F7A-49C9-8134-0B988245B064 : 000001 of 000002

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**DIVISION III**
**CASE NO.: 22-CI-00788**

**SAM SADUSKY**
**AND**
**OPAL ROBBINS**                                        **PLAINTIFFS**

**V.**

**FAZLIDDIN HOMDAMOV,**
**PROGRESSIVE PREFERRED INURANCE COMPANY**
**AND EXPRESS LANE INC.**                              **DEFENDANTS**

---

## NOTICE OF PRODUCTION

---

Comes now Plaintiffs, Sam Sadusky and Opal Robbins, by and through counsel, have responded to Defendant Fazliddin Homdamov's Request for Admissions.

Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the _____th day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare

NO : 000001 of 000002

771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant, Express Lane, Inc.*

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
*Electronically Filed*

SAM SADUSKY
and
OPAL ROBBINS                                                      PLAINTIFFS

VS.                              **NOTICE OF REMAND**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                           DEFENDANTS

                        ***   ***   ***   ***

        Please take notice this Defendant, Fazliddin Homdamov, by counsel, hereby remands the

Motion to Compel, scheduled to be heard on January 10, 2023 at 9:00 a.m. This Defendant has

received Plaintiff Opal Robbins' discovery responses, and the Motion to Compel is now moot.

This Defendant reserves the right to re-notice this motion at a later date should the responses be

incomplete or insufficient upon review of the same.

                        Respectfully submitted,

                        WALTERS RICHARDSON, PLLC

                        */s/Alyssa K. Hare*

                        _____
                        Melissa Thompson Richardson
                        Alyssa K. Hare
                        771 Corporate Drive, Suite 900
                        Lexington, Kentucky 40503
                        Telephone:    (859) 219-9090
                        Facsimile:    (859) 219-9292
                        Email:        Melissa@WaltersRichardson.com
                                      AHare@WaltersRichardson.com
                        COUNSEL FOR DEFENDANT,
                        FAZLIDDIN HOMDAMOV

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 9th day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Jennifer K. Nordstrom
Dave W. Zahniser
Garve Sheare Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, Kentucky 41017
jnordstrom@gsn-law.com
dzahniser@gsnlaw.com
*Counsel for Defendant,*
*Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd
Suite 200
Louisville, KY  40223
*Counsel for Express Lane, Inc.*

*/s/Alyssa K. Hare*

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1868107_1.DOCX

2

Filed 22-CI-00788 09/12/2022 David Martin, Boone Circuit Clerk

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
***Electronically Filed***

SAM SADUSKY
and
OPAL ROBBINS                                                              PLAINTIFFS

VS.                          **<u>NOTICE OF SERVICE</u>**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                    DEFENDANTS

                        ***  ***  ***  ***

     Comes the Defendant, Fazliddin Homdamov, by counsel, and hereby certifies that the

Defendant has, pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, served his

First Set of Interrogatories and Request for Production of Documents upon the Plaintiffs, Sam

Sadusky and Opal Robbins, on this the 12th day of September, 2022.

                    Respectfully submitted,

                    WALTERS RICHARDSON, PLLC

                    ***/s/Alyssa K. Hare***

                    _____
                    Melissa Thompson Richardson
                    Alyssa K. Hare
                    771 Corporate Drive, Suite 900
                    Lexington, Kentucky 40503
                    Telephone:    (859) 219-9090
                    Facsimile:    (859) 219-9292
                    Email:      Melissa@WaltersRichardson.com
                                  AHare@WaltersRichardson.com
                    COUNSEL FOR DEFENDANT,
                    FAZLIDDIN HOMDAMOV

Filed          22-CI-00788          09/12/2022          David Martin, Boone Circuit Clerk

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

*/s/Alyssa K. Hare*

_____
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1783920_1.docx

Filed          22-CI-00788          09/12/2022          David Martin, Boone Circuit Clerk

1B2CBB10-F10B-4B73-A10D-3074DA5EF5E9 : 000002 of 000002

NO : 000002 of 000002

Filed        22-CI-00788        09/12/2022        David Martin, Boone Circuit Clerk

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788
*Electronically Filed*

SAM SADUSKY
and
OPAL ROBBINS                                                            PLAINTIFFS

VS.                            **NOTICE OF SERVICE**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                 DEFENDANTS

                       ***   ***   ***   ***

        Comes the Defendant, Fizliddin Homdamov, by counsel, and hereby certifies that the

Defendant has, pursuant to Rule 36 of the Kentucky Rules of Civil Procedure, served Requests for

Admission upon the Plaintiffs, Sam Sadusky and Opal Robbins on this the 12th day of September,

2022.

                              Respectfully submitted,

                              WALTERS RICHARDSON, PLLC

                              */s/Alyssa K. Hare*
                              _____
                              Melissa Thompson Richardson
                              Alyssa K. Hare
                              771 Corporate Drive, Suite 900
                              Lexington, Kentucky 40503
                              Telephone:    (859) 219-9090
                              Facsimile:    (859) 219-9292
                              Email:        Melissa@WaltersRichardson.com
                                            AHare@WaltersRichardson.com
                              COUNSEL FOR DEFENDANT,
                              FAZLIDDIN HOMDAMOV

Filed        22-CI-00788        09/12/2022        David Martin, Boone Circuit Clerk

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the 12th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

*/s/Alyssa K. Hare*

_____

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1783916_1.docx

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CASE NO.: 22-CI-00788

SAM SADUSKY
AND
OPAL ROBBINS                                                      PLAINTIFFS

V.

FAZLIDDIN HOMDAMOV,
PROGRESSIVE PREFERRED INURANCE COMPANY
AND EXPRESS LANE INC.                                            DEFENDANTS


**PLAINTIFF OPAL ROBBINS' RESPONSE TO**
**DEFENDANT HOMDAMOV'S FIRST REQUEST FOR ADMISSIONS**


**REQUEST NO. 1:** Please admit that Plaintiff, Opal Robbins, will seek more than $75,000.00 in damages as a result of the subject motor vehicle accident.

**RESPONSE:**          Denied.


**REQUEST NO. 2**:  Please admit Plaintiff, Opal Robbins, will never seek more than $75,000.00 in damages as a result of the subject automobile accident.

**RESPONSE:**          Admitted.

Respectfully Submitted,

/s/ Larry Hicks

Larry Hicks, Esq., KBA #31725
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, Kentucky 41017
(859) 331-4900
(859) 426-3532 - facsimile
lhicks@cetrulolaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 9th day of January, 2023 by mailing and/or emailing a true and accurate copy to the following:

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant, Fazliddin Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
Garvey Shearer Nordstrom, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant, Progressive Preferred Insurance Company*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
*Counsel for Defendant, Express Lane, Inc.*

NO. 22-CI-00788                                          BOONE CIRCUIT COURT
                                                              DIVISION THREE (3)
                                                     JUDGE JAMES R. SCHRAND


SAM SADUSKY, *et al.*                                              PLAINTIFFS

v.      **EXPRESS LANE INC.'S FIRST SET OF INTERROGATORIES
        AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO
              PLAINTIFF OPAL ROBBINS**


EXPRESS LANE, INC., *et al.*                                      DEFENDANTS

* * * * *

Defendant Express Lane, Inc., by counsel, requests Plaintiff, Opal Robbins, within thirty (30) days after service hereof, to answer and respond to the following Interrogatories and Request for Production of Documents in accordance with CR 33 and CR 34. These Interrogatories and Requests (hereafter, collectively, "discovery requests") shall be deemed continuing, and knowledge of the attorneys for Plaintiff Opal Robbins, or any other agent of Plaintiff Opal Robbins, shall be deemed to be knowledge of Plaintiff Opal Robbins. Anything coming to Plaintiff Opal Robbins or Plaintiff Opal Robbins' attorney's knowledge after filing answers and responses (hereafter, collectively, "responses") to these discovery requests which would change the original responses, shall be contained in an amended response and served upon the Defendant, Express Lane, Inc.'s counsel as required by the Kentucky Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  State the full name of the person answering this discovery, any other name you have had or been known by, address, age, residence, business address and occupation.

    **ANSWER:**

**INTERROGATORY NO. 2:**  Do you have information indicating, or any reasons to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the accident?  If so, please describe in detail, specifically stating when you became aware of the defect and when and where it was repaired.

    **ANSWER:**

**INTERROGATORY NO. 3:**  Did you or the driver of your vehicle (hereinafter "your driver") receive a citation for violating any statute or ordinance as a result of the accident?  If so, please state the nature of the violation and the agency issuing the same.

    **ANSWER:**

**INTERROGATORY NO. 4:** In the 24-hour period immediately preceding the accident, did the driver of your vehicle at the center of this litigation consume alcoholic beverages or take a sedative, tranquilizer or other drug or medicine?  If so, please describe in detail.

   **ANSWER:**


**INTERROGATORY NO. 5:** At the time of the accident involved herein, please state:

   a.   The route the driver of your vehicle followed from the point where the trip began to the place where the accident occurred; and

   b.   Whether the driver of your vehicle had any passenger or passengers in your vehicle at the time of the accident and if so, state the name and address of each such person.

   c.   The name and address of the owner of the vehicle.

   d.   The names and policy/claims numbers for all insurance on the vehicle your driver was operating and you personally.

   e.   Was the driver of your vehicle within the course and scope of any employment at the time of the accident?

   **ANSWER:**

3

**INTERROGATORY NO. 6:** Are you aware of any person who may have or claims to have knowledge of the accident, any of the events leading up to it or related events occurring thereafter?  If so, state the name and address of each such person and your means of ascertaining the present whereabouts of each such person.

      **ANSWER:**

**INTERROGATORY NO. 7:** Are you aware of the existence of any written or recorded statement made by any party or witness?  If so, state the name and address of each person giving and taking the statement, the date each statement was taken, and the person or organization currently in possession of the original statement.  Please attach to your Answers a copy of any written or recorded statements.

      **ANSWER:**

**INTERROGATORY NO. 8:** Since the time of the accident, have you, your agents or other representatives taken any photographs or prepared any drawings, plats or diagrams of the scene of the accident, or of any object involved in the accident? If so, describe in detail what is depicted in each photograph, drawing, plate or diagram, and the name and address of the person or organization currently in

custody of each item listed.  Please provide a copy of any and all photographs taken.

**ANSWER:**


**INTERROGATORY NO. 9:** Are you aware of the existence of any written estimates for the repair of any vehicles involved in this accident?  If so, describe in detail what the repair is for, and the name and address of the person or organization currently in custody of each item listed.  Please provide a copy of any and all estimates for repair.

**ANSWER:**


**INTERROGATORY NO. 10:** List the name and address of any person who is skilled in any particular field or science, whom you may call as an expert witness at the trial of this action, the substance of their opinions, the facts upon which they will rely, and the source of their factual basis.

**ANSWER:**


**INTERROGATORY NO. 11:** Please describe in full detail the manner in which the accident occurred, including in your answer all events which you believe had any bearing on the cause and manner of the happening of the accident.

**ANSWER:**

**INTERROGATORY NO. 12:** If the driver of your vehicle claims to have used the brakes or horn, or to have taken or to have attempted any evasive action at any time before the accident, describe the action taken or attempted, and state your driver's speed and approximate position in terms of distance in feet from Defendant's vehicle when the brakes or horn were applied, and when your driver took or attempted such action.

**ANSWER:**

**INTERROGATORY NO. 13:** If you are claiming someone other than the driver of your vehicle caused or contributed to this accident, please state the basis for same.

**ANSWER:**

**INTERROGATORY NO. 14:** Have you or the driver of your vehicle has been involved in any other car accidents while operating a motor vehicle, and if so, describe the date and nature of each such accident.

**ANSWER:**

**INTERROGATORY NO. 15:** If you had any conversation with the Defendant, Plaintiff Sadusky, or any other person such as a police officer or bystander at the time of or shortly after the accident, give the substance of any such conversation and state what you said to each person and what each person said to you concerning the accident.

    **ANSWER:**

**INTERROGATORY NO. 16:** Please list the names, addresses and substance of the testimony of persons you anticipate calling to testify at the trial of this matter.

    **ANSWER:**

**INTERROGATORY NO. 17:** Please list all exhibits and evidence you anticipate introducing at the trial of this matter.

    **ANSWER:**

**INTERROGATORY NO. 18:** Fully identify all insurance policies providing liability coverage for you or your driver, including the name of the insurer, the policy numbers and limits of liability.

    **ANSWER:**

**<u>INTERROGATORY NO. 19:</u>** Fully identify all places where your driver resided, lived or received mail at the time of this accident occurred.

    **<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 20:</u>** Fully identify (including but not limited to their name, address and phone number) you and your driver's insurance agents.

    **<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 21:</u>** Please describe in detail your relationship with Plaintiff Sadusky and why he was operating your vehicle at the time of the accident.

    **<u>ANSWER:</u>**

**<u>INTERROGATORY NO. 22</u>**:  Please itemize all of your claimed damages and the details of your computation of such damages.

    **<u>ANSWER</u>**:

    $_____    Property damage

    $_____    Storage fees

    $_____    Towing costs

8

$_____      Loss of use

$_____       Any other item of damage claimed but not

listed above (specify)

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION OF DOCUMENTS NO. 1**:  Please attach to your responses to these discovery requests any and all photographs of the site of the subject accident and/or the vehicles involved in the accident.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 2**:  Please attach to your responses to these discovery requests any and all statements you gave or have taken in this matter.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 3**:  For any expert witness listed in your prior answers, please attach to your responses to these discovery requests the experts' curriculum vitae, copies of all published articles and all documents reviewed.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 4**:   Produce a copy of each declarations page for any insurer providing coverage to you at the time of the accident.

**RESPONSE**:



**PRODUCTION OF DOCUMENTS NO. 5**: Please attach to your responses to these discovery requests copies of all records, reports, and bills relating to your answer to Interrogatory No. 22.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 6**: Please attach to your responses to these discovery requests a copy of the title of the vehicle your driver was operating at the time of the accident.

**RESPONSE**:

                                        **DON K. BROWN, PSC**

                                        /s/ Jeri Barclay Poppe
                                        DONALD KILLIAN BROWN
                                        JERI BARCLAY POPPE
                                        13102 Eastpoint Park Blvd.
                                        Suite 200
                                        Louisville, Kentucky 40223
                                        (502) 588-9000
                                        jpoppe@donkbrownlaw.com
                                        *Counsel for Defendant Express Lane, Inc.*

10

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing was electronically mailed and served upon the following on September 16, 2022:

Larry Hicks
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
(859) 331-4900
(859) 426-3532 (fax)
lhicks@cetrulolaw.com
*Counsel for Plaintiffs*

Melissa Thompson Richardson
Alyssa K. Hare
WALTERS RICHARDSON, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
GARVEY SHEARER NORDSTROM, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant Progressive*


/s/ Jeri Barclay Poppe
DONALD KILLIAN BROWN
JERI BARCLAY POPPE


L:\Active\22-0809dkb\Discovery\P - O. Robbins\Express Lane's Rogs RFPs to Robbins.docx

11

## AUTHORIZATION TO RELEASE EMPLOYMENT INFORMATION

I hereby authorize and direct any business, employer, or other person, firm, or organization having employment information concerning my salary, attendance, or any information regarding his employment to disclose same to **DON K. BROWN, PSC**, Attorneys-at-Law, or any person for or on its behalf.

This authorization includes but is not limited to a right to review and obtain copies of all records, contracts, payroll sheets, or other related documents.

I hereby agree to hold harmless any person, firm or organization complying with this authorization and request.

I further agree that a photocopy of this authorization may be accepted in lieu of the original.  This authorization is valid one year from the date of authorization.

_____
Opal Robbins

SSN: _____

DOB: _____

DATE: _____

Witness:

_____

12

**AUTHORIZATION TO RELEASE PROTECTED HEALTHCARE INFORMATION**

TO:


        Pursuant to the Health Insurance Portability and Accountability Act (HIPAA), Privacy Regulations, 45 CFR, Section 164.508, _____ is hereby authorized to release to **DON K. BROWN, PSC,** or any of its representatives ***all medical records, including but not limited to*** office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses' notes, emergency room records, operative records, inpatient records, and films of x-rays, MRI's, or CT scans or other diagnostic tests, pharmacy and drug records, medical bills and health insurance, Medicaid or Medicare records, concerning any medical treatment that _____, Social Security Number_____, has received from you, at your institution, or which you keep in the regular course of business.  A photostatic copy hereof shall be as valid as the original.

        The purpose of this authorization and request is to obtain ALL medical information pertaining to _____'s physical condition, which may be relevant as it pertains to certain personal injury claims or litigation.  This authorization expires one (1) year from the date of the signature. The aforementioned expiration date has not passed, as this matter is on-going.

        _____ has the right to revoke this authorization in writing by providing a signed, written notice of revocation to _____ and Don K. Brown, PSC.  Medical providers may not condition treatment or payment on whether the above listed patient executes this authorization.  This information is disclosed pursuant to this authorization may be subject to redisclosure and no longer is protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).


_____
Opal Robbins


DATE: _____


DOB: _____

13

**SOCIAL SECURITY ADMINISTRATION**
**CONSENT TO RELEASE INFORMATION**

Name: (Please Print): _____

Social Security No.: _____

Date of Birth: _____

I, _____, authorize the Social Security Administration to release the records identified below to:

NAME OF REQUESTER:     Don K. Brown PSC, Attorneys at Law
ADDRESS:                           13102 Eastpoint Park Blvd, Ste. 200
                                          Louisville, KY 40223
TELEPHONE NUMBER:      (502) 588-9000

SIGNATURE: _____

REASON FOR RELEASE: _____
_____
_____

Please release the following information:

_____ Social Security Number
_____ Identifying information (includes date and place of birth, parents, address, etc.)
_____ Monthly Social Security benefit amount
_____ Monthly Supplemental Security Income payment amount
_____ Information about benefits/payments I received from _____ to _____
_____ Information about my Medicare claim/coverage from _____ to _____ (specify) _____
_____ Medical Records
_____ Other record(s) from my file (specify) _____

I understand that the Social Security Administration (ASBA≅) is generally barred from disclosing my records unless authorized to do so by me in writing as required by section 1106 of the Social Security Act, 42 U.S.C. ∋ 1306, and the Privacy Act, 5 U.S.C. ∋ 552a. I further understand that this form does not cover the release of tax return information, including amounts of wages and other contributions from employers, or information about drug and alcohol abuse.

14

This consent is for a one-time only disclosure, and I may revoke it in writing at any time.

_____          _____
SIGNATURE                                                          DATE

Name, signature and address of two witnesses if signed by a mark:

1.  _____

2.  _____

I am the parent, legal guardian, or representative of the estate of the individual to whom the above information from Social Security records, I could be punished by a fine or imprisonment or both.   (Attach proof of parental relationship, appointment as a legal guardian or representative of the estate.)

_____          _____
SIGNATURE                                                          DATE

NO. 22-CI-00788                                    BOONE CIRCUIT COURT
                                                    DIVISION THREE (3)
                                              JUDGE JAMES R. SCHRAND


SAM SADUSKY, *et al.*                                        PLAINTIFFS

v.      **EXPRESS LANE, INC.'S FIRST SET OF INTERROGATORIES**
        **AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
               **TO PLAINTIFF SAM SADUSKY**

EXPRESS LANE, INC., *et al.*                                 DEFENDANTS

* * * * *

The Defendant, Express Lane, Inc., requests the Plaintiff, Sam Sadusky, within thirty (30) days after service hereof, to answer and respond to the following Interrogatories and Requests for Production of Documents in accordance with CR 33 and CR 34.  These Interrogatories and Requests (hereafter, collectively, "discovery requests") shall be deemed continuing, and knowledge of the attorneys for the Plaintiff Sam Sadusky or any other agent of the Plaintiff Sam Sadusky shall be deemed to be knowledge of the Plaintiff Sam Sadusky.  Anything coming to the Plaintiff Sam Sadusky or Plaintiff Sam Sadusky's attorney's knowledge after filing answers and responses (hereafter, collectively, "responses") to these discovery requests which would change the original responses, shall be contained in an amended response and served upon the Defendant's counsel as required by the Kentucky Rules of Civil Procedure.

1

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Please state your current full name, any other name you have had or been known by, current address, all addresses at which you have resided during the past ten (10) years, date of birth, residence, social security number, current business address and occupation.

**ANSWER**:

**INTERROGATORY NO. 2**:  Please describe in full detail the manner in which the event occurred, including in your answer all events which you believe had any bearing on the cause and manner of the happening of the accident.

**ANSWER**:

**INTERROGATORY NO. 3**:  If you were employed at the time of your claimed damages, please state the name and address of your employer and of your immediate superior in your employment at the time of the accident.

**ANSWER**:

**INTERROGATORY NO. 4**:  Please state whether or not you have ever made a claim of any nature against anyone for personal injury or illness, including any claims for workers' compensation benefits and, if so, please describe the claim(s), including, but not limited to:  the name and address of the person(s), firms or corporations against whom each claim was made; the name and address of each insurance carrier involved; the nature and extent of each injury or illness for which damages were claimed; the amount of damages

awarded in each, or if any claim was settled, the amount of each settlement; and the case style, court, and case number of any suit filed.

**ANSWER**:

**INTERROGATORY NO. 5**:    Please state all facts which you believe support your claim against the Defendant.

**ANSWER**:

**INTERROGATORY NO. 6**:    Please list the names, addresses, and telephone numbers of all persons you believe were witnesses to this accident or have any relevant knowledge regarding facts in issue in this case and specify whether each such person is expected to testify at the trial of this matter.

**ANSWER**:

**INTERROGATORY NO. 7**:  Please state what relevant factual knowledge you believe the persons listed above in Interrogatory No. 6, possess regarding this matter.

**ANSWER**:

**INTERROGATORY NO. 8**:  Please list and identify all exhibits or items of tangible evidence you may introduce at trial.

**ANSWER**:

**INTERROGATORY NO. 9**:    Please list the name, address and all published articles of any person who is skilled in any particular field or science, whom you may call as an expert witness at the trial of this action, the substance of his/her (their) opinion, the facts upon which they will rely, the

source of their factual basis and list all cases in which he/she has testified by deposition or at trial in the past ten (10) years (CR 26.02(4)).

**ANSWER**:

**INTERROGATORY NO. 10**:   Please state whether you have any statement(s) in any form obtained from the Defendant, including their agents, servants or employees, and if so, state the date obtained, by whom and the manner recorded.

**ANSWER**:

**INTERROGATORY NO. 11**:  Please state whether you have ever been convicted of a felony.

**ANSWER**:

**INTERROGATORY NO. 12**:   Please describe in detail all injuries sustained by you for which you claim damages in this action (hereafter, "claimed damages").

**ANSWER**:

**INTERROGATORY NO. 13**:  If you have recovered from any of your claimed damages, please state the approximate date that you were not further bothered by each such alleged claimed damage.

**ANSWER**:

**INTERROGATORY NO. 14**:  If you have not recovered from one or more of your claimed damages, please state in detail how each such is affecting you at this time.

**ANSWER**:

**INTERROGATORY NO. 15**:   Please list and identify all sources of recovery you have made from any and all collateral sources for all items of special damages you are claiming resulted from this accident and for each source of recovery, please list the following:  the name, address, and telephone number of provider (insurance or other), claim number, bill paid, name of payee, amount paid; and whether any bill was submitted to two or more sources of recovery for payment, and whether two or more payments were made, identifying each such bill by providers, amounts of bill, and amount paid by each provider.

**ANSWER**:

**INTERROGATORY NO. 16**:  Have you or are you entitled to receive any Medicare benefits for any injury you claim as a result of this matter?

**ANSWER**:

**INTERROGATORY NO. 17**:  If you claim in this action lost earnings or impairment or destruction of power to labor and earn money or both, please state:   the details of your computation of damages for such allegedly lost earnings or impairment or destruction of power to labor and earn money; and the details of all disability, sickness, or accident benefits or wage continuation payments from your employer or any other source, including whether such benefits were paid pursuant to a contract with your employer or pursuant to a union contract with your employer and list all of your employers for the past ten (10) years by name, address and telephone number.

**ANSWER**:

**INTERROGATORY NO. 18**:  Please itemize all of your claimed special damages and the details of your computation of such special damages.

**ANSWER**:

**INTERROGATORY NO. 19**:  Pursuant to CR 8.01(2), for each and every injury or item of damage you are claiming as a result of this accident, please state the amount you believe will reasonably compensate you for each such item as follows:

**ANSWER**:

$_____     Medical expenses (past)

$_____     Medical expenses (future)

$_____     Pain and suffering

$_____     Past lost wages

$_____     Loss to future power to earn

$_____      Any other item of damage claimed but not
                    listed above (specify)

**INTERROGATORY NO. 20**:  Please state the name and address of each and every health insurance carrier covering you for the past ten (10) years.

**ANSWER**:

**INTERROGATORY NO. 21**:  If you have any scars or other disfigurements by reason of the claimed damages, please describe them.

**ANSWER**:

**INTERROGATORY NO. 22**:  If you have been seen, treated or examined by any medical provider, including but not limited to any hospital, physician, osteopath, dentist, therapist, chiropractor or any other health care provider

6

(hereafter, collectively, "health care provider")for any claimed damages, please state the name and address of each such health care provider and whether you expect to receive further treatment for any claimed damages and, if so, what, if any, arrangements or appointments you have made for any such treatment.

**ANSWER**:

**INTERROGATORY NO. 23**:  If you have been involved with any kind of injury or illness resulting in similar complaints you are claiming in this accident, before or after the claimed damages for this accident, please state: the nature, date, and place of each such injury or illness, giving full and complete details; and the name and address of each health care provider (hospital, doctor, chiropractor, or other) attending you for and each such injury or illness.

**ANSWER**:

**INTERROGATORY NO. 24**:  If you were confined to your home or any place due to any claimed damages, please give full details about the period of time you were so confined and each place where you were so confined.

**ANSWER**:

**INTERROGATORY NO. 25**:  State the name and address and specialty of each and every doctor, hospital, clinic, medical center, chiropractor, psychiatrist or psychologist, physical therapist or other health care provider that you have seen or who has treated you in the 10 years preceding the accident, the purpose of treatment and approximate dates if known.

**ANSWER**:

7

**INTERROGATORY NO. 26**:  Please state whether or not you have ever made a claim of any nature for Social Security benefits.  If so, please describe the claim(s), including but not limited to:  the nature and extent of each injury or illness for which damages were claimed, and the amount of damages awarded in each, or if any claim was settled, the amount of each settlement.

**ANSWER**:

**INTERROGATORY NO. 27**:   In the 24-hour period immediately preceding the accident, did you consume alcoholic beverages or take a sedative, tranquilizer or other drug or medicine?  If so, please describe in detail.

**ANSWER**:

**INTERROGATORY NO. 28**:  Has the Plaintiff entered into settlement agreements with any other person or entity?  If so, please:

a) State the amount that each settling person or entity and/or its insurance carrier paid to settle the subject claims;

b) State whether any settlement and/or release documents were executed pursuant to any such settlement agreement; and

c) State whether and when agreed dismissal orders have been tendered with respect to each settling person or entity.

**ANSWER**:

**INTERROGATORY NO. 29**:  Please list the name, address and phone number for all trial witnesses and a brief description of their anticipated testimony.

**ANSWER**:

8

**INTERROGATORY NO. 30**: Did you have insurance that covered you at the time of the accident?  If so, please state the name of the insurance company, limits of insurance, including PIP/BRB, UIM and any other coverage that paid or may be responsible for paying damages associated with this accident.

**ANSWER**:

**INTERROGATORY NO. 31**: Please describe your relationship with Plaintiff Opal Robbins and why you were operating her vehicle at the time of the accident.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION OF DOCUMENTS NO. 1**:  Please attach to your responses to these discovery requests true and complete copies of your federal income tax returns (including all attached forms and schedules) for the preceding five (5) years.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 2**:  Please attach to your responses to these discovery requests any and all photographs and/or videos of your injuries, the site of the subject accident, and/or the vehicles involved in the accident.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 3**:  Please attach to your responses to these discovery requests any and all statements which Plaintiff or his counsel obtained from the Defendant.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 4**:  For any expert witness listed in your prior responses, please attach to your responses to these discovery requests their curriculum vitae, copies of all published articles and all documents reviewed.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 5**:  Please attach to your responses to these discovery requests copies of any and all records referred to in Interrogatory No. 17, including but not limited to:  reports and/or bills of your employer relating to a claim for lost earnings or impairment or destruction of power to labor or earn money or both; and your state and federal income tax returns, including all W-2 forms and all schedules for each of the preceding five (5) years from the date of the incident described in the complaint and continuing to date.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 6**:  Please attach to your responses to these discovery requests copies of all records, reports and bills of each health care provider referred to in Interrogatory No. 25.

**RESPONSE**:

10

**PRODUCTION OF DOCUMENTS NO. 7**:  Please attach to your responses to these discovery requests copies of all records, reports and bills relating to each injury or illness referred to in Interrogatory No. 23.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 8**:  Please attach to your responses to these discovery requests copies of all records, reports, and bills relating to your answer to Interrogatory No. 22.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 9**:   Please execute the attached Medical Information Release Authorization, Employment Information Release Authorization and Social Security Information Release Authorization.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 10**: Please produce any and all documents identified in Interrogatory No. 24.

**RESPONSE**:

**PRODUCTION OF DOCUMENTS NO. 11**: Please produce a copy of any and all insuring agreements identified in Interrogatory No. 30.

**RESPONSE**:

Respectfully Submitted,

**DON K. BROWN, PSC**

/s/ *Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE
13102 Eastpoint Park Blvd.
Suite 200
Louisville, Kentucky 40223
(502) 588-9000
*Counsel for Defendant Express Lane, Inc.*

12

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was electronically mailed and served upon the following on September 16, 2022:

Larry Hicks
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
(859) 331-4900
(859) 426-3532 (fax)
lhicks@cetrulolaw.com
*Counsel for Plaintiffs*

Melissa Thompson Richardson
Alyssa K. Hare
WALTERS RICHARDSON, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
GARVEY SHEARER NORDSTROM, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant Progressive*

/s/ *Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE

L:\Active\22-0809dkb\Discovery\P - Sadusky\Express Lane's Rogs RFPs to Sadusky.docx

13

## <u>AUTHORIZATION TO RELEASE EMPLOYMENT INFORMATION</u>

I hereby authorize and direct any business, employer, or other person, firm, or organization having employment information concerning my salary, attendance, or any information regarding his employment to disclose same to **DON K. BROWN, P.S.C.**, Attorneys-at-Law, or any person for or on its behalf.

This authorization includes but is not limited to a right to review and obtain copies of all records, contracts, payroll sheets, or other related documents.

I hereby agree to hold harmless any person, firm or organization complying with this authorization and request.

I further agree that a photocopy of this authorization may be accepted in lieu of the original.  This authorization is valid one year from the date of authorization.

_____
Sam Sadusky

SSN: _____

DOB: _____

DATE: _____

Witness:

_____

14

## **AUTHORIZATION TO RELEASE PROTECTED HEALTHCARE INFORMATION**

TO:

Pursuant to the Health Insurance Portability and Accountability Act (HIPAA), Privacy Regulations, 45 CFR, Section 164.508, _____ is hereby authorized to release to **DON K. BROWN, P.S.C.,** or any of its representatives ***all medical records, including but not limited to*** office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses' notes, emergency room records, operative records, inpatient records, and films of x-rays, MRI's, or CT scans or other diagnostic tests, pharmacy and drug records, medical bills and health insurance, Medicaid or Medicare records, concerning any medical treatment that _____, Social Security Number_____, has received from you, at your institution, or which you keep in the regular course of business.  A photostatic copy hereof shall be as valid as the original.

The purpose of this authorization and request is to obtain ALL medical information pertaining to _____'s physical condition, which may be relevant as it pertains to certain personal injury claims or litigation. This authorization expires one (1) year from the date of the signature. The aforementioned expiration date has not passed, as this matter is on-going.

_____ has the right to revoke this authorization in writing by providing a signed, written notice of revocation to _____ and Don K. Brown, P.S.C.  Medical providers may not condition treatment or payment on whether the above listed patient executes this authorization.  This information is disclosed pursuant to this authorization may be subject to redisclosure and no longer is protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

_____
Sam Sadusky

DATE: _____

DOB: _____

15

## SOCIAL SECURITY ADMINISTRATION
## CONSENT TO RELEASE INFORMATION

Name: (Please Print): _____

Social Security No.: _____

Date of Birth: _____

I, _____, authorize the Social
Security Administration to release the records identified below to:

NAME OF REQUESTER:     Don K. Brown P.S.C., Attorneys at Law
ADDRESS:               13102 Eastpoint Park Blvd, Ste. 200
                       Louisville, KY 40223
TELEPHONE NUMBER:      (502) 588-9000

SIGNATURE: _____

REASON FOR RELEASE: _____
_____
_____

Please release the following information:

_____ Social Security Number
_____ Identifying information (includes date and place of birth, parents,
      address, etc.)
_____ Monthly Social Security benefit amount
_____ Monthly Supplemental Security Income payment amount
_____ Information about benefits/payments I received from _____ to
      _____
_____ Information about my Medicare claim/coverage from _____ to
      _____ (specify) _____
_____ Medical Records
_____ Other record(s) from my file (specify) _____

I understand that the Social Security Administration (ASBA≅) is generally
barred from disclosing my records unless authorized to do so by me in writing
as required by section 1106 of the Social Security Act, 42 U.S.C. ∋ 1306, and
the Privacy Act, 5 U.S.C. ∋ 552a. I further understand that this form does not
cover the release of tax return information, including amounts of wages and
other contributions from employers, or information about drug and alcohol
abuse.

This consent is for a one-time only disclosure, and I may revoke it in writing at any time.

_____          _____
SIGNATURE                                                    DATE

Name, signature and address of two witnesses if signed by a mark:

1.    _____

2.    _____

I am the parent, legal guardian, or representative of the estate of the individual to whom the above information from Social Security records, I could be punished by a fine or imprisonment or both.  (Attach proof of parental relationship, appointment as a legal guardian or representative of the estate.)

_____          _____
SIGNATURE                                                    DATE

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788

SAM SADUSKY
and
OPAL ROBBINS                                                                            PLAINTIFFS

VS.          **DEFENDANT FAZLIDDIN HOMDAMOV'S**
       **FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
        **PRODUCTION OF DOCUMENTS PROPOUNDED TO**
              **PLAINTIFF OPAL ROBBINS**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                               DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to CR 33 and CR 34, the Defendant, Fazliddin Homdamov, hereby propounds the following discovery requests upon the Plaintiff, Opal Robbins, to be responded to in writing, under oath, and as otherwise required by the Kentucky Rules of Civil Procedure, and pursuant to the definitions and instructions set out below.

In answering the Interrogatories, all information is to be divulged that is within the knowledge, possession, or control of you, your attorney, or your agents, or that may be reasonably ascertained by you or them. You are requested to supplement your initial answers to these Interrogatories after service of your answers if you later ascertain or acquire any information that falls within the scope of these Interrogatories or if events within the scope of these Interrogatories occur after service of your answers.

You are requested to produce any requested documents to the office of Walters Richardson, PLLC, 920 Lily Creek Road, Suite 120, Louisville, Kentucky, within thirty (30) days of service hereof. At your option, however, you may, prior to this date, provide the Defendant with copies of

all documents in your possession, custody, or control responsive to these requests by hand-delivering or mailing copies of those documents to counsel for Defendant at the address listed above. If you choose to respond under this option, you are instructed to retain the originals of the documents so that the Defendant or its counsel may inspect them if they desire. If you desire to produce the documents at a different location, date, or time, or to produce the documents in a different manner, please contact counsel for Defendant to make other reasonable arrangements for production.

## DEFINITIONS AND INSTRUCTIONS

A.      Each document request seeks all information available to the Plaintiff, Opal Robbins, her attorneys or agents, and any other persons acting on her behalf.

B.      As used herein, the terms "Plaintiff," "you," or "your" mean, without limitation, the Plaintiff, Opal Robbins, her attorneys, agents, and representatives.

C.      An interrogatory asking you to "state in detail" or "describe in detail" seeks disclosure of each fact, circumstance, condition, or anything known to you about the subject of the interrogatory containing the phrase, as of the date the Interrogatories were answered.

D.      If an interrogatory asks you to "state in detail" the basis for a contention, you should state all facts, law, and applications of law to fact upon which you relied or rely in making or maintaining the contention.

E.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in CR 34.01. A draft or non-identical copy is a separate document within the meaning of this term.

F.      The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration, or additional writing or other change from the original, or from any other copy, has been made.

G.      "Person" or "persons" means all entities, including, without limiting the generality of the foregoing, all natural persons, corporations, firms, companies, partnerships, joint ventures, associations, trusts, estates, departments, boards, bureaus, governmental or public agencies, and any other public, private, or legal entity.

H.      Where appropriate in these requests, the singular form of a word shall be interpreted as plural, and the plural form as singular.

I.      Where appropriate in these interrogatories, "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring under the scope of these requests any information that might otherwise be construed to be outside of their scope.

J.      When an interrogatory requires you to describe or identify a person or other entity, it is intended that the answer shall give the name, address, and telephone number of the person or entity, and the name of the individual's workplace, workplace address, and workplace phone number.

K.      If there is objection to the production of any document or part thereof under the claim of privilege or work product, then please identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by stating the type of document, the date of the document, its sender(s), or preparer(s), its addressee(s), the person(s) to whom the document was shown or to whom copies were furnished, the subject matter of the document, and the person in whose custody the document is presently located. If the basis

3

of your objection is confidentiality, please inform us as soon as possible so that the parties may execute a confidentiality agreement.

L.     If any document requested was, but is no longer, in your possession, custody, or control, please state whether the document is missing or lost, has been destroyed, has been transferred to another person, or otherwise has been disposed of. For each such document, please explain the circumstances surrounding disposition and describe the subject matter of the document.

M.     Please produce documents by category, as specified in CR 34.02. Consider each request a category.

N.     These requests are continuing ones, and Plaintiff shall produce for inspection and copying any documents requested that are non-existent or unavailable at the date of production, but which come into existence or become available at any time prior to or during the trial of this action.

### **INTERROGATORIES**

**INTERROGATORY NO. 1:**     Please identify each and every individual participating in the answering of these interrogatories, including full name, date of birth, employment address and telephone number, residential address and telephone number, driver's license number, and Social Security number.

**ANSWER:**


**INTERROGATORY NO. 2:**     State your present address and how long you have been living at that address and all other addresses where you have resided for the last ten (10) years, giving the length of stay at each residence.

**ANSWER:**

4

**INTERROGATORY NO. 3:** State the names of any and all relatives by blood or marriage that reside in Boone County, Kentucky.

**ANSWER:**


**INTERROGATORY NO. 4:** Please identify each and every individual who has knowledge of discoverable information regarding the May 12, 2022, motor vehicle accident that gave rise to your cause of action, including home and work addresses, and telephone numbers, and a brief synopsis of the information known by each.

**ANSWER:**


**INTERROGATORY NO. 5:** Describe in complete detail the automobile accident which occurred on or about May 12, 2022, which is the subject matter of this litigation, describing chronologically the events that occurred leading up to the motor vehicle accident, during the accident, and immediately thereafter.

**ANSWER:**


**INTERROGATORY NO. 6:** Please answer in complete detail the following regarding the vehicle referenced in Paragraph 7 of your Complaint ("the vehicle"):

  a.   The year, model and make of the vehicle;

  b.   The date the vehicle was purchased and the purchase price;

  c.   Whether the vehicle was new or used when purchased;

  d.   The name, address and telephone number of the persons or companies from whom the vehicle was purchased;

  e.   The nature and extent of the damage to the vehicle;

5

        f.      The actual cost of repair to the vehicle;

        g.     The vehicle's comparative market value before and after the accident;

        h.     The mileage of the vehicle at the time the subject vehicle was purchased;

        i.      The mileage of the vehicle at the time of the accident;

        j.      All individuals and/or entities that have repaired and/or performed maintenance on the subject vehicle, including phone number and address;

        k.     The fair market value of the vehicle immediately prior to and after the accident;

        l.      The method used to determine the fair market value immediately prior to and after the accident;

        m.    Whether you still have the subject vehicle in your possession;

        n.     A description of any and all work done on the subject vehicle within five (5) years before this accident.

**ANSWER:**


**INTERROGATORY NO. 7:**     Please describe in complete detail any and all damages to the subject vehicle that you believe were sustained in the motor vehicle accident at issue, as well as all additional damages caused at any time after the accident at issue, identifying the date and cause of each item of damages.

**ANSWER:**


**INTERROGATORY NO. 8:**     Please identify any repairs, changes, alterations, or modifications made to the vehicle after original purchase until the subject accident occurred.

**ANSWER:**

**INTERROGATORY NO. 9:**   If you, or anyone acting on your behalf, have discussed this matter with any of the Defendants, their agents, or employees, please give the following information:

    a.  Identify the individual with whom communications were conducted.

    b.  Please give the date of the communication.

    c.  Please state in detail the substance of the communication.

**ANSWER:**


**INTERROGATORY NO. 10:**   Please identify each and every individual you intend to call as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each.

**ANSWER:**


**INTERROGATORY NO. 11**   With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony at the trial of this matter, state the following:

    a.  Their names and business addresses;

    b.  The field or fields in which said witnesses are to be offered as experts;

    c.  The substance of the facts to which said witnesses are expected to testify; and,

    d.  The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

7

**INTERROGATORY NO. 12:**      Please describe in complete detail the contents of any communication that you had with any body shop, garage, repair shop, or entity or person engaged in repairs and/or storage of the vehicle involved in the motor vehicle accident which is the subject matter of this litigation, including but not limited to the following:

      a.    The date of any such contact;

      b.    The substance of the communication;

      c.    The person or persons with whom you communicated;

      d.    The type of such communication (whether by telephone, fax, email, letter or in person);

      e.    Any description or opinion of damage, and/or the cause thereof, by any auto body repair person.

**ANSWER:**

**INTERROGATORY NO. 13:**      Please identify any body shop, garage, towing service, or entity or person that stored the vehicle following the motor vehicle accident which is the subject matter of this litigation, and state how long the vehicle remained in the possession of any identified entities or persons.

**ANSWER:**

**INTERROGATORY NO. 14:**      Please state in complete detail all facts or other evidence upon which you intend to rely to suggest that Defendant, Fazliddin Homdamov, caused or contributed to the May 12, 2022, motor vehicle accident which is the subject matter of this

litigation, including the name and address of any person(s) with knowledge of such facts and/or evidence.

**ANSWER:**

**INTERROGATORY NO. 15:**     If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

**INTERROGATORY NO. 16:**     If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection. If you refuse to respond

fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

**INTERROGATORY NO. 17:**      For every bit of information, any statement, document, video, audio, photo, tape-recording and/or information retained by any other means of tangible data compilation that has been requested in these Interrogatories or Requests for Production of Documents sent contemporaneously herewith but:

    (a)    has at one time been in the possession of the Plaintiff or her counsel, but no longer is in their possession; or

    (b)    has been sent, transferred, or for whatever reason is now in the possession of someone other than the Plaintiff and/or her counsel; or,

    (c)    has been destroyed, lost, misplaced, or is otherwise not now in the possession of Plaintiff and/or her counsel,

state the nature of the information not provided and not produced, describing the information to the fullest extent possible, and identify all individuals involved in creating, receiving, and/or witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

For all information that is responsive to this Interrogatory, please identify all individuals involved in creating, receiving and witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

10

**ANSWER:**


**INTERROGATORY NO. 18**:  Please state whether you have ever been a party to a lawsuit before. If your answer is yes, please provide the following information:

      a.      The date the case was filed;

      b.      A description of the claims that were made;

      c.      The reason why suit was filed (slip and fall, motor vehicle accident, etc.);

      d.      A description of the types of injuries alleged in each suit;

      e.      The name and address of the attorney(s) who represented you;

      f.      The disposition of the suit; and

      g.      If there was a monetary settlement, you should also state the sum you received.

**ANSWER**:


**INTERROGATORY NO. 19:**  Do you agree to supplement your answers to these Interrogatories as additional information becomes available to you?

**ANSWER**:


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**     If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any witness or individual relating to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, please produce same for inspection and copying.

**RESPONSE:**

**REQUEST NO. 2:**    If you, or anyone acting on your behalf, have obtained any photographs, videos, or other information retained by any other means of tangible data compilation, with regard to the May 12, 2022, motor vehicle accident, please produce same for inspection and copying.

**RESPONSE:**

**REQUEST NO. 3:**    If you have incurred any bills and expenses as a result of the May 12, 2022, motor vehicle accident which is the subject of this litigation, please produce same for purposes of inspection and copying.

**RESPONSE:**

**REQUEST NO. 4:**    For each expert that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

**RESPONSE:**

**REQUEST NO. 5:**    If you have received from any of said expert witnesses a written report, please produce same for purposes of inspection and copying.

**RESPONSE:**

**REQUEST NO. 6:**    Please produce each and every document you rely upon to support your answers to these Interrogatories.

**RESPONSE:**

**REQUEST NO. 7:**     With regard to the amounts you are claiming for each item of damages alleged in your Complaint, please produce for inspection and copying a copy of the calculations used to arrive at each figure.

**RESPONSE:**

**REQUEST NO. 8:**    Please produce for inspection and copying complete copies of any and all documents, graphs, maps, charts, reports, electronic and/or tangible material and/or other written material which supports the allegations contained within your Complaint.

**RESPONSE:**

**REQUEST NO. 9**:    Please provide a copy of any property damage estimates of your vehicle involved in the May 12, 2022, motor vehicle accident which is the subject matter of this litigation, or any other automobile(s) involved in this accident.

**REQUEST NO. 10**:   Please produce certified copies of any insurance policies under which your vehicle was insured at the time of the May 12, 2022, motor vehicle accident.

**RESPONSE**:

**REQUEST NO. 11**:   Please produce a copy of any recorded statement, regardless of format, you have made in relation to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**RESPONSE**:

**REQUEST NO. 12**: Please produce a copy of any documentation, regardless of format, submitted to your insurer that in any way relates to the May 12, 2022, motor vehicle accident which is the subject matter of this litigation

**RESPONSE**:


**REQUEST NO. 13:**   Please produce a photocopy of your driver's license or valid identification card.

**RESPONSE:**

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____
Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:      (859) 219-9292
Email:          Melissa@WaltersRichardson.com
                AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

14

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing has been served on this the 12th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

*/s/Alyssa K. Hare*

_____
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1780474_1.docx

15

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788

SAM SADUSKY
and
OPAL ROBBINS                                                                    PLAINTIFFS

VS.        **DEFENDANT FAZLIDDIN HOMDAMOV'S**
        **FIRST SET OF INTERROGATORIES AND**
        **REQUESTS FOR PRODUCTION OF DOCUMENTS**
        **PROPOUNDED TO PLAINTIFF SAM SADUSKY**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                      DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to CR 33 and CR 34, the Defendant, Fazliddin Homdamov, hereby propounds the following discovery requests upon the Plaintiff, Sam Sadusky, to be responded to in writing, under oath, and as otherwise required by the Kentucky Rules of Civil Procedure, and pursuant to the definitions and instructions set out below.

In answering the Interrogatories, all information is to be divulged that is within the knowledge, possession, or control of you, your attorney, or your agents, or that may be reasonably ascertained by you or them. You are requested to supplement your initial answers to these Interrogatories after service of your answers if you later ascertain or acquire any information that falls within the scope of these Interrogatories or if events within the scope of these Interrogatories occur after service of your answers.

You are requested to produce any requested documents to the office of Walters Richardson, PLLC, 920 Lily Creek Road, Suite 120, Louisville, Kentucky, within thirty (30) days of service hereof. At your option, however, you may, prior to this date, provide the Defendant with copies of

all documents in your possession, custody, or control responsive to these requests by hand-delivering or mailing copies of those documents to counsel for Defendant at the address listed above. If you choose to respond under this option, you are instructed to retain the originals of the documents so that the Defendant or its counsel may inspect them if they desire. If you desire to produce the documents at a different location, date, or time, or to produce the documents in a different manner, please contact counsel for Defendant to make other reasonable arrangements for production.

## DEFINITIONS AND INSTRUCTIONS

A.      Each document request seeks all information available to the Plaintiff, Sam Sadusky, his attorneys or agents, and any other persons acting on his behalf.

B.      As used herein, the terms "Plaintiff," "you," or "your" mean, without limitation, the Plaintiff, Sam Sadusky, his attorneys, agents, and representatives.

C.      An interrogatory asking you to "state in detail" or "describe in detail" seeks disclosure of each fact, circumstance, condition, or anything known to you about the subject of the interrogatory containing the phrase, as of the date the Interrogatories were answered.

D.      If an interrogatory asks you to "state in detail" the basis for a contention, you should state all facts, law, and applications of law to fact upon which you relied or rely in making or maintaining the contention.

E.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in CR 34.01. A draft or non-identical copy is a separate document within the meaning of this term.

F.     The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration, or additional writing or other change from the original, or from any other copy, has been made.

G.     "Person" or "persons" means all entities, including, without limiting the generality of the foregoing, all natural persons, corporations, firms, companies, partnerships, joint ventures, associations, trusts, estates, departments, boards, bureaus, governmental or public agencies, and any other public, private, or legal entity.

H.     Where appropriate in these requests, the singular form of a word shall be interpreted as plural, and the plural form as singular.

I.     Where appropriate in these interrogatories, "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring under the scope of these requests any information that might otherwise be construed to be outside of their scope.

J.     When an interrogatory requires you to describe or identify a person or other entity, it is intended that the answer shall give the name, address, and telephone number of the person or entity, and the name of the individual's workplace, workplace address, and workplace phone number.

K.     If there is objection to the production of any document or part thereof under the claim of privilege or work product, then please identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by stating the type of document, the date of the document, its sender(s), or preparer(s), its addressee(s), the person(s) to whom the document was shown or to whom copies were furnished, the subject matter of the document, and the person in whose custody the document is presently located. If the basis

3

of your objection is confidentiality, please inform us as soon as possible so that the parties may execute a confidentiality agreement.

        L.      If any document requested was, but is no longer, in your possession, custody, or control, please state whether the document is missing or lost, has been destroyed, has been transferred to another person, or otherwise has been disposed of. For each such document, please explain the circumstances surrounding disposition and describe the subject matter of the document.

        M.     Please produce documents by category, as specified in CR 34.02. Consider each request a category.

        N.     These requests are continuing ones, and Plaintiff shall produce for inspection and copying any documents requested that are non-existent or unavailable at the date of production, but which come into existence or become available at any time prior to or during the trial of this action.

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:  Please identify each and every individual participating in the answering of these interrogatories, including full name, date of birth, employment address and telephone number, residential address and telephone number, driver's license number, and Social Security number.

**ANSWER**:


**INTERROGATORY NO. 2**:  State your present address and how long you have been living at that address and all other addresses where you have resided for the last ten (10) years, giving the length of stay at each residence.

**ANSWER**:

**INTERROGATORY NO. 3**:  State the names of any and all relatives by blood or marriage that reside in Boone County, Kentucky.

**ANSWER**:


**INTERROGATORY NO. 4**:  Please identify each and every individual who has knowledge of discoverable information regarding the May 12, 2022, motor vehicle accident that gave rise to your cause of action, including home and work addresses, and telephone numbers, and a brief synopsis of the information known by each.

**ANSWER**:


**INTERROGATORY NO. 5**:  Please identify each and every individual you intend upon calling as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each.

**ANSWER**:


**INTERROGATORY NO. 6**:  Describe in complete detail the automobile accident which occurred on or about May 12, 2022, which is the subject matter of this litigation, describing chronologically the events that occurred leading up to the motor vehicle accident, during the accident, and immediately thereafter.

**ANSWER**:


**INTERROGATORY NO. 7**:  Please state the amount that you claim for each item of damages alleged in your Complaint.

5

**ANSWER**:


**INTERROGATORY NO. 8**:  Please identify each and every doctor, hospital, chiropractor, or other individual or entity engaged in the healing arts from whom or which you have received treatment for the past twenty (20) years. Your answer should include, but not be limited to, the following:

       a.       Name, address and telephone number of each individual or entity;

       b.       The date of each visit;

       c.       The reason for each visit;

       d.       Describe in detail all diagnostic tests that were performed;

       e.       Please state in detail the diagnosis that was made, if any; and

       f.       Please state in detail the prognosis that you received.

**ANSWER**:


**INTERROGATORY NO. 9**:  Please identify each and every therapist, psychotherapist, psychologist, psychiatrist, counselor, or other individual or entity engaged in the mental health profession from whom or which you have received treatment for the past twenty (20) years. Your answer should include, but not be limited to, the following:

       a.       Name, address and telephone number of each individual or entity;

       b.       The date of each visit;

       c.       The reason for each visit;

       d.       Describe in detail the diagnosis that was made, if any; and

       e.       Please state in detail the prognosis that you received.

**ANSWER**:


**INTERROGATORY NO. 10**:  Please identify each and every pharmacy where you have had a prescription filled in the last twenty (20) years.

**ANSWER**:


**INTERROGATORY NO. 11**:  Please state whether or not you have ever been injured on the job. If your answer is "Yes," please state whether or not you filed a workers' compensation claim, giving the date such claim was filed, the workers' compensation case number, and the name and address of the attorney who assisted or filed the claim.

**ANSWER**:


**INTERROGATORY NO. 12**:  Please describe in complete detail all injuries you sustained as a result of the May 12, 2022, automobile accident that gave rise to your cause of action.

**ANSWER**:


**INTERROGATORY NO. 13**:  Please identify each and every doctor, chiropractor, or other individual engaged in the healing arts that you have seen for the injuries you suffered as a result of the May 12, 2022, motor vehicle accident.

**ANSWER**:


**INTERROGATORY NO. 14**:  Please identify each and every family doctor you have had for the past twenty (20) years.

**ANSWER**:


**INTERROGATORY NO. 15**:  Please identify each and every employer you have had for the past twenty years. Your answer should include, but not be limited to, the following:

      a.      Name, address and telephone number of each employer;

      b.      Describe the type of work you performed for the employer;

      c.      Give the name, address, and telephone number of your immediate supervisor for each employer;

      d.      State the length of time you worked for each employer; and

      e.      State the date you left the employer and give the reasons for leaving said employment.

**ANSWER**:


**INTERROGATORY NO. 16**:  Please describe in detail each and every injury, illness, sickness, or other medical condition that you have suffered prior to the May 12, 2022, motor vehicle accident that gave rise to your cause of action.

**ANSWER**:


**INTERROGATORY NO. 17**:  If you, or anyone acting on your behalf, have discussed this matter with any of the Defendants, their agents, or employees, please give the following information:

      a.      Identify the individual with whom communications were conducted;

      b.      Please give the date of the communication; and

      c.      Please state in detail the substance of the communication.

**ANSWER**:


**INTERROGATORY NO. 18**:  With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony, medical or otherwise, at the trial of this matter, state the following:

      a.      Their names and business addresses;

      b.      The field or fields in which said witnesses are to be offered as experts;

      c.      The substance of the facts to which said witnesses are expected to testify; and

      d.      The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion.

**ANSWER**:


**INTERROGATORY NO. 19**:  Please sign the attached Authorization for Disclosure of Protected Health Information, Workers' Compensation Records Authorization, Employment Records Authorization, PIP Records Authorization, Medicare Records Authorization, Cell Phone Records Authorization, and Social Security Records Authorization and return them with your Answers to these Interrogatories.

**ANSWER**:


**INTERROGATORY NO. 20**:  If you were working at the time of the May 12, 2022, motor vehicle accident which gave rise to your cause of action, please identify your employer, your rate of pay, and state whether or not you have been caused to miss work, giving the number of days missed.

9

**ANSWER**:


**INTERROGATORY NO. 21**:  Please identify each and every collateral source payor that has made any payment on your behalf, medical or otherwise, due to the May 12, 2022 motor vehicle accident that gave rise to your cause of action. This Interrogatory includes, but is not limited to:

      a.     Any payments made by an insurance company pursuant to basic reparations benefits;

      b.     Any payments made by a health insurance company;

      c.     Any payments made by Medicare, Medicaid, or any other government-sponsored program; and

      d.     Any other payments made by any other collateral source payor.

For any identified collateral source payor, please give the date of each payment, the amount, and identify each payee.

**ANSWER**:


**INTERROGATORY NO. 22**:  Have any of the expenses you have incurred as a result of the incident been paid by Medicare? If your answer is yes, please state the following:

      a.     Your Medicare Health Insurance Claim Number (HICN) (the number on your Medicare card); and

      b.     If you are currently enrolled in Part "A" only or in Part "B" of Medicare, state the date your eligibility began.

**ANSWER**:

10

**INTERROGATORY NO. 23**:  Please state whether you have ever been a party to a lawsuit before. If your answer is yes, please provide the following information:

      a.      The date the case was filed;

      b.      A description of the claims that were made;

      c.      The reason why suit was filed (slip and fall, motor vehicle accident, etc.);

      d.      A description of the types of injuries alleged in each suit;

      e.      The name and address of the attorney(s) who represented you;

      f.      The disposition of the suit; and

      g.      If there was a monetary settlement, you should also state the sum you received.

**ANSWER**:


**INTERROGATORY NO. 24**:  Please provide a copy of any physicians' liens or loan agreements you have made with each and every medical provider or other entity to receive treatment without paying for said treatment in advance of the conclusion of this matter.

**ANSWER**:


**INTERROGATORY NO. 25**:  Please state whether you have made any financial agreement with any medical provider or received any financial benefits from any medical provider for treatment in exchange for any interest in the outcome of your claim which is the subject matter of this litigation. If your answer is "yes," please state the name of each and every entity you have made such an agreement with, including, but not limited to, the name of the representative of that entity with whom you made the agreement, the terms of the agreement, and also please provide a copy of the loan agreement.

11

**ANSWER**:


**INTERROGATORY NO. 26**:  If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection.

If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER**:


**INTERROGATORY NO. 27**:  For every bit of information, any statement, document, video, audio, photo, tape-recording and/or information retained by any other means of tangible data compilation that has been requested in these Interrogatories or Requests for Production of Documents sent contemporaneously herewith but:

a.      has at one time been in the possession of the Plaintiff or her counsel, but no longer is in their possession; or

b.      has been sent, transferred, or for whatever reason is now in the possession of someone other than the Plaintiff and/or her counsel; or

    c.        has been destroyed, lost, misplaced, or is otherwise not now in the possession of

Plaintiff and/or her counsel, state the nature of the information not provided and

not produced, describing the information to the fullest extent possible.

**ANSWER**:


**INTERROGATORY NO. 28**:  For all information that is responsive to this Interrogatory, please

identify all individuals involved in creating, receiving and witnessing the communication, giving

all dates, and describing in detail the subject matter of the information or communication. If you

refuse to respond fully to this Interrogatory, please specifically state that you are refusing to

respond and give a full explanation.

**ANSWER**:


**INTERROGATORY NO. 29:**  Do you agree to supplement your answers to these Interrogatories

as additional information becomes available to you?

**ANSWER**:


## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:  If you, or anyone acting on your behalf, have obtained any written, typed,

recorded, transcribed statements, or information obtained through any other means of tangible data

compilation, from any witness or individual, please produce same for inspection and copying.

**RESPONSE**:

**REQUEST NO. 2**:  If you, or anyone acting on your behalf, have obtained any photographs, videos, or other information retained by any other means of tangible data compilation, with regard to the May 12, 2022, motor vehicle accident, please produce same for inspection and copying.

**RESPONSE**:


**REQUEST NO. 3**:  If you have incurred any medical, doctor, chiropractic, or miscellaneous bills and expenses as a result of the May 12, 2022, motor vehicle accident, please produce same for purposes of inspection and copying.

**RESPONSE**:


**REQUEST NO. 4**:  If any payments have been made on your behalf by Medicare, Medicaid, or any other government-sponsored program, please produce for inspection and copying any documents related to such payments, a payment summary form, and a Conditional Payment letter from the Medicare Secondary Payer Recovery Contractor (MSPRC).

**RESPONSE**:


**REQUEST NO. 5**:  Please produce for inspection and copying any and all medical reports, medical records and treatment notes from all of your treating and examining physicians, chiropractors, or other individuals engaged in the healing arts.

**RESPONSE**:


**REQUEST NO. 6**:  For each expert, medical or otherwise, that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

**RESPONSE**:


**REQUEST NO. 7**:  If you have received from any of said expert witnesses a written report, please produce same for purposes of inspection and copying.

**RESPONSE**:


**REQUEST NO. 8**:  If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from the Defendant or any agent, representative or employee of this Defendant, please produce same for inspection and copying.

**RESPONSE**:


**REQUEST NO. 9**:  Please produce for inspection and copying your state and federal income tax returns for the last five (5) calendar years.

**RESPONSE**:


**REQUEST NO.10**:  With regard to the amounts you are claiming for each item of damages alleged in your Complaint, please produce for inspection and copying a copy of the calculations used to arrive at each figure.

**RESPONSE**:


**REQUEST NO. 11**:  Please produce a photocopy of your driver's license or valid identification card.

**RESPONSE**:


**REQUEST NO. 12**:  Please produce a photocopy of your Medicare and/or Medicaid card.

**RESPONSE**:


**REQUEST NO. 13**:  Please produce a photocopy of your Social Security card.

**RESPONSE**:


**REQUEST NO. 14**:  Please produce all correspondence between you and Medicare, including, its agents, the Centers for Medicare and Medicaid Services (CMS), the Medicare Coordination of Benefits Contractor (COBC), and/or the Medicare Secondary Payer Recovery Contractor (MSPRC) since the date of the motor vehicle accident which is the subject matter of this litigation.

**RESPONSE**:


**REQUEST NO. 15**:  Please produce a complete payment history for all medical claims submitted to Medicare regarding treatments and/or coverages since the date of the motor vehicle accident which is the subject matter of this litigation.

**RESPONSE**:


**REQUEST NO. 16**:  Please produce a signed and notarized copy of the attached Protected Health Information Release.

**RESPONSE**:


16

**REQUEST NO. 17**:  Please produce a signed and notarized copy of the attached Social Security Records Release.

**RESPONSE**:


**REQUEST NO. 18**:  Please produce signed and notarized copies of both attached Workers' Compensation Releases.

**RESPONSE**:


**REQUEST NO. 19**:  Please produce a signed and notarized copy of the attached Employment Records Release.

**RESPONSE**:


**REQUEST NO. 20**:  Please produce a signed and notarized copy of the attached PIP Records Release Authorization.

**RESPONSE**:


**REQUEST NO. 21**:  Please produce a signed and notarized copy of the attached Medicare and Medicaid Authorization.

**RESPONSE**:


**REQUEST NO. 22**:  Please produce a signed and notarized copy of the attached Tax Return Authorization.

**RESPONSE**:

**REQUEST NO. 23**:  Please produce a signed and notarized copy of the attached Cell Phone Records Release Authorization.

**RESPONSE**:


**REQUEST NO. 24**: Please produce a copy of each and every exhibit you intend to rely on or introduce at the trial of this matter.

**RESPONSE**:


**REQUEST NO. 25**:  Please produce each and every document you rely upon to support your answers to these Interrogatories.

**RESPONSE**:

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:    (859) 219-9090
Facsimile:    (859) 219-9292
Email:        Melissa@WaltersRichardson.com
              AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

18

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of September, 2022

by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

*/s/Alyssa K. Hare*

_____

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1780478_1.docx

## **Authorization for Disclosure of Protected Health Information**

PATIENT:    SAM SADUSKY

ADDRESS:    _____

                    _____

DOB:          _____

SSN:           _____

==================================================================

I, <u>Sam Sadusky,</u> authorize the disclosure of my protected health information[1] as described herein. I understand that this authorization is voluntary and made to confirm my direction. I understand that, if the person(s) or organization(s) that I authorize to receive my protected health information is/are not subject to federal and state health information privacy laws[2], subsequent disclosure by such person(s) or organization(s) may not be protected by those laws.

1.      I authorize the following person(s) and/or organization(s) <u>to disclose</u> my protected health information (as specified below):

---

[1] Protected health information ("PHI") is health information that is created or received by a health care provider, health plan, or health care clearinghouse and which relates to: 1) the past, present, or future physical or mental health or condition of an individual; 2) the provision of health care to an individual; or 3) the past, present, or future payment for the provision of health care to an individual. To be protected, the information must be such that it identifies the individual or provides a reasonable basis to believe that the information can identify the individual. <u>45 C.F.R. 164.508</u>. PHI includes information of and/or on persons living or deceased. The following components of a patient's information are also considered PHI: a) names; b) street address, city, county, precinct, zip code; c) dates directly related to a patient, including birth date, admission date, discharge date, and date of death; d) telephone numbers, fax numbers and electronic mail addresses; e) Social Security numbers; f) medical record numbers; g) health plan beneficiary numbers; h) account numbers; i) certificate/license numbers; j) vehicle identifiers and serial numbers; including license plate numbers; k) device identifiers and serial numbers; l) Web Universal Resource Locators (URL's); m) biometric identifiers, including finger and voice prints; n) full face photographic images and any comparable images; and o) any other unique identifying number, characteristic, or code.

[2] These laws apply to health plans, health care providers, and health care clearinghouses.

1

2.    I authorize the following person(s) and/or organization(s) to receive protected health information, as disclosed by the person(s) and/or organization(s) above:

Any attorney or paralegal in the law firm of Walters Richardson, PLLC, Corporate Plaza, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503.

3.    Specific description of the protected health information that I authorize for disclosure:

The **entirety** of all medical records; Including, but not limited to: radiographic reports, charts, doctors' reports and records, office notes and memoranda, medical reports, radiology reports, radiology images, consultations, physical therapy records, clinic and outpatient reports and charts, psychotherapy notes, operative reports, pharmaceutical records, reports, charts, summaries, bills, and correspondence of whatever kind and nature regarding any and all prescription and non-prescription medication prescribed or dispensed to me, and any and all medical information or other information concerning or relating to my care, diagnosis, treatment, and/or hospitalization. **The scope of this authorization specifically includes the release of any protected health information concerning treatment, diagnosis, or testing of drug or alcohol abuse, drug related conditions, alcoholism, psychiatric/psychological conditions, behavioral services/psychiatric care, Acquired Immune Deficiency Syndrome (AIDS) and/or tests for antibodies to the AIDS virus (HIV).** The records shall include all records for treatment at any time, for any reason, not just for current treatment. The records shall contain all bills, invoices, insurance claims forms, and a printout of any computerized records of that information for treatment, together with all records of any payments, write-offs, or adjustments of charges for care, diagnoses, treatment, or hospitalization. If the bill was discounted or the hospital, doctor or pharmacy was paid a sum less than the full amount of the bill, records of the discount shall be produced.

4.    Specific description of the purpose for each use or disclosure:

At the request of the individual.

5.    I understand this Authorization can be revoked at any time. Such revocation must be submitted to the providers named herein in writing. The revocation shall be effective *except* to the extent that the providers have already used or disclosed information in reliance on the Authorization. Patient may revoke this Authorization by contacting the providers named herein. I hereby acknowledge that I understand and that I do not have to sign this authorization and that treatment, payment, enrollment in any health plan, or eligibility for benefits is not conditioned on or affected by my signing this Authorization. I have been informed and understand that information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient of such information, and, at that point, the information may be no longer protected under the terms of this agreement or federal or state privacy laws.  I agree to hold the providers named herein, their affiliates, agents, representatives, officers and directors, employees and attending physicians harmless from and against any and all liability or claims arising out of any release of authorized information or against any republication by third parties after such release.

_____
(Initials)

6.      This authorization expires upon final adjudication of litigation currently pending in Boone Circuit Court, Division III, styled, "*Sam Sadusky and Opal Robbins v. Fazliddin Homdamov; Progressive Preferred Insurance Company; and Express Lane, Inc.,*" Case No. 22-CI-00788, or when revoked in writing.

7.      Copies of this Authorization will have the same weight as the original.

I have had the opportunity to read and consider the contents of this authorization. I confirm that the contents are consistent with my direction.


_____          _____
Name                                                    Date



STATE OF _____)
                                                    (SCT.
COUNTY OF _____)

        Subscribed and sworn to before me by SAM SADUSKY, to be his own free act and deed on this

_____ day of _____ 20\_\_\_.

        My commission expires: _____.


                                        _____
                                        NOTARY PUBLIC


                                        _____
                                        NOTARY ID

3

                                                    _____
                                                    (Initials)

## <u>CELL PHONE RECORDS RELEASE AUTHORIZATION</u>

NAME: _____

ADDRESS: _____

DOB: _____

SSN: _____

TELEPHONE NO.: _____

I, _____, hereby authorize _____ to release all information, including all records, contract information, incoming calls, outgoing calls, billing statements, payment history, and any and all other information, to any attorney or paralegal in the law firm of Walters Richardson, PLLC, Corporate Plaza, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503. I also authorize you to discuss freely and render written opinions to any attorney or paralegal in the law firm of Walters Richardson, PLLC concerning your involvement in same.

Copies of this Authorization will have the same weight as the original.

Dated this _____ day of _____ 20___.

_____
NAME

STATE OF KENTUCKY                      )
                                       (SCT.
COUNTY OF _____)

Subscribed and sworn to before me by _____ to be his/her own free act and deed on this _____ day of _____ 20___.

My commission expires: _____.

_____
NOTARY PUBLIC, STATE-AT-LARGE, KY.

Social Security Administration

Form Approved

## Consent for Release of Information

OMB No. 0960-0566

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (11-2016) uf
Destroy Prior Editions

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO: Social Security Administration**

| | | |
|---|---|---|
| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**

Any attorney or paralegal in the law firm of

Walters Richardson, PLLC

**\*ADDRESS OF PERSON OR ORGANIZATION:**

771 Corporate Drive, Suite 900

Lexington, Kentucky 40503

**\*I want this information released because:**  Litigation Matter
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☒ Verification of Social Security Number
2. ☒ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date 1st Appl.  to date Present
5. ☒ My Medicare entitlement from date 1st Appl.  to date Present
6. ☒ Medical records from my claims folder(s) from date 1st Appl.  to date Present
   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☒ Complete medical records from my claims folder(s)
8. ☒ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

   Applications, questionnaires, reports, consultative examinations, fee agreements,

   explanations, determinations, appeals, and award/denial notices

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

| | |
|---|---|
| *Signature: | *Date: |
| **Address: | **Daytime Phone: |
| Relationship (if not the subject of the record): | **Daytime Phone: |

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

## EMPLOYMENT RECORDS RELEASE AUTHORIZATION

**TO WHOM IT MAY CONCERN:**

_____

_____

_____

NAME: _____

D/O/B: _____

SS# _____

=======================================================================

I, _____, hereby authorize you to release any and all information contained in your files concerning my employment, including personnel files, income and benefits records, correspondence, and any and all other employment records of whatever kind and nature to any attorney or paralegal in the law firm of Walters Richardson, PLLC, Corporate Plaza,771 Corporate Drive, Suite 900, Lexington, Kentucky 40503.  I also authorize you to discuss with any attorney or paralegal in the law firm of Walters Richardson, PLLC my employment with you.

Copies of this Authorization will have the same weight as the original.

Dated this \_\_\_\_\_ day of _____ 20\_\_\_\_.

_____
NAME

STATE OF KENTUCKY          )
                                            ) SCT.
COUNTY OF _____)

Subscribed and sworn to before me by _____to be his/her own free act and deed on this _____ day of _____ 20\_\_\_\_\_.

My commission expires: _____.

_____
NOTARY PUBLIC, STATE-AT-LARGE

CHFS-305
922 KAR 1:510
(R. 11/2021)

## CABINET FOR HEALTH AND FAMILY SERVICES
## COMMONWEALTH OF KENTUCKY
Authorization for Disclosure of Protected Information
PLEASE PRINT LEGIBLY

| This form must be completed to authorize the disclosure of protected information. |
|---|

I HEREBY AUTHORIZE THE DEPARTMENT FOR COMMUNITY BASED SERVICES IN THE CABINET FOR HEALTH AND FAMILY SERVICES TO DISCLOSE AND USE THE SPECIFIED INFORMATION BELOW.

| **Individual Requesting Records:** Name (Print) | Address |
|---|---|
| City, State, Zip Code | |
| Telephone Number                    (Home) | (Work) |

| **Please Send Records To:** Name (Print) | Address |
|---|---|
| City, State, Zip Code | |
| Telephone Number                    (Home) | (Work) |
| Email Address to Receive Encrypted Results | |

**The name of the individual whose information you authorize the disclosure of:**

| Social Security Number | Date of Birth |
|---|---|
| Case Record # (if known) | County where case record is maintained |

**I request to inspect the following document(s):**

**The purpose for disclosure is:**
**(Note: Must complete, Do Not Leave Blank)**

**Please attach a copy of photo ID for verification**

**The specific protected information you authorized the disclosure of:**
☐ Medical History  ☐ Immunizations  ☐ Treatment Information  ☐ Developmental Information  ☐ Benefits Eligibility Records
☐ Payment Records  ☐ Medicaid Claim Information  ☐ Child Protective Services Information (Provide Court Custody Order, Court Order or Birth Certificate)  ☐ Adult Protective Services Information (Provide Court Order or POA)
☐ Other_____

CHFS-305
922 KAR 1:510
(R. 11/2021)

| **Please read carefully** |
|---|
| • Complete this form and submit it within ten (10) days to the **Cabinet for Health and Family Services, Department for Community Based Services, Records Management Section, 275 East Main St., Section 3E-G, Frankfort, Kentucky, 40621, OR submit completed form with legible ID to CHFSDCBS.RMS@ky.gov.** |
| • I understand this authorization will expire in ninety (90) days. |
| • I understand I have the right to revoke this authorization at any time, however I must do so **in writing**. I further understand that actions already taken based on this authorization prior to revocation will **not** be affected. |
| • I understand I have the right to a copy of this authorization. |
| • I understand that authorizing the use/disclosure of public information is voluntary. I need not sign this authorization in order to assure service. I may request to inspect or receive a copy of information to be used or disclosed, as provided in 45 CFR 164.524. I further understand that any disclosure carries with it the potential for an unauthorized disclosure and the information may not be covered by federal confidentiality rules. |
| • I understand that information may be subject to re-disclosure and no longer protected. |
| • The following statement applies to any alcohol and/or drug abuse treatment information disclosed. This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal regulations, 42 CFR Part 2, prohibit you from making further disclosures without the specific written authorization of the person to whom it pertains, or as otherwise specified by such regulations. A general authorization for disclosure is **not** sufficient for this purpose. |

My signature below acknowledges that I have read, understand, and authorize the release of my information.

Signature _____     Date_____

THIS FORM MUST BE COMPLETE

**Records Requests Fee: The charge is ten cents ($0.10) per page after twenty (20) pages, plus postage. Please do not send money with this request. This office will notify you of the amount due once the records are available.**

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. **Print Name**       **Medicare Number**      **Date of Birth**
(First and last name of the person with Medicare)  (Exactly as shown on the Medicare Card)  (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   2A:  **Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   2B:  **Complete <u>only</u>  if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment  information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this  authorization to disclose your personal health information** (subject to applicable  law—for example, your State may limit how long Medicare may give out your  personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
   beginning:  (mm/dd/yyyy) _____  and ending: (mm/dd/yyyy)  _____

**4.** **Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information.  Please provide the specific name of the person(s) for any organization you list below:**

1. Name: _____

   Address: _____

   _____

2. Name: _____

   Address: _____

   _____

3. Name: _____

   Address: _____

   _____

**5.** I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law. I understand that I have the right to revoke this authorization at any time. I must do so by writing to the same person(s) or class of persons that I directed this authorization to. The revocation will not apply to information that has already been released in response to this authorization. I understand that my refusal to authorize disclosure of my personal medical information will have no effect on my enrollment, eligibility for benefits, or the amount Medicare pays for health services I receive.

_____  _____  _____

Signature                              Telephone Number                    Date (mm/dd/yyyy) Print

the address of the person with Medicare  (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below.
  Please attach the appropriate documentation (for example, Power of Attorney).
  This <u>only</u> applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

## PIP RECORDS RELEASE AUTHORIZATION

INSURED: _____

ADDRESS: _____

_____

DOB: _____

SSN: _____

=================================================================

**TO** _____ **INSURANCE COMPANY:**

I, _____, hereby authorize you to release all information, including all records, reports, charts, findings, summaries, and correspondence of whatever kind and nature regarding the submission, processing, payment and/or maintenance of Personal Injury Protection (PIP) benefits made on my behalf, past or present, to any attorney or paralegal in the law firm of Walters Richardson, PLLC, Corporate Plaza, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503. I also authorize you to discuss freely and render written opinions to any attorney or paralegal in the law firm of Walters Richardson, PLLC concerning your involvement in same.

Copies of this Authorization will have the same weight as the original.

Dated this _____ day of _____ 20_____.

_____
NAME

STATE OF KENTUCKY                )
                                 (SCT.
COUNTY OF _____)

Subscribed and sworn to before me by _____to be his/her own free act and deed on this _____ day of _____ 20_____.

My commission expires: _____.

_____
NOTARY PUBLIC

## **STATE INCOME TAX RECORDS AUTHORIZATION**

NAME: _____

D/O/B: _____

SSN: _____

CURRENT MAILING ADDRESS:

_____

_____

_____

TELEPHONE NO. _____

_____ ATTACH COPY OF PHOTO ID (if return was electronically filed)


TO WHOM IT MAY CONCERN:

I, _____, hereby authorize you to release copies of any and all of my

State Income Tax Returns for the past five (5) years to any attorney or paralegal in the law firm of

Walters Richardson, PLLC, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503.

Copies of this Authorization will have the same weight at the original.

Dated this _____ day of _____ 20_____.


_____
NAME

STATE OF KENTUCKY            )
                             (SCT.
COUNTY OF _____)

Subscribed and sworn to before me by _____ to be his/her own free act and

deed on this _____ day of _____ 20_____.

My commission expires: _____.


_____
NOTARY PUBLIC

Form **4506**

(Novmeber 2021)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____

____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____     ____ / ____ / _____

**8** **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | | | |
|---|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . | $ | 43.00 |
| **b** | Number of returns requested on line 7 . . . . . . . . . . . . . . . | | |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

| | | |
|---|---|---|
| **Sign Here** | ▶ Signature (see instructions) | Date |
| | Print/Type name | Title (if line 1a above is a corporation, partnership, estate, or trust) |
| | ▶ Spouse's signature | Date |
| | Print/Type name | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 11-2021)

Form 4506 (Rev. 11-2021)

<div style="text-align:right">Page **2**</div>

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

### Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN. To process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

## WORKERS COMPENSATION RECORDS RELEASE AUTHORIZATION

NAME: _____

DOB: _____

SS#: _____

========================================================================

**TO WHOM IT MAY CONCERN:**

     I, _____, hereby authorize you to release any and all information contained in your files relating to Worker's Compensation benefit claims made by me, benefits paid to me, correspondence to me or relating to any claims made by me or benefits paid on my behalf, and any and all other records retained by the Worker's Compensation Commission of whatever kind and nature to any attorney or paralegal in the law firm of Walters Richardson, PLLC, Corporate Plaza, 771 Corporate Drive, Suite 900, Lexington, Kentucky 40503.  Copies of this Authorization will have the same weight as the original.

     Dated this _____ day of _____, 20_____.


                              _____


STATE OF KENTUCKY        )

                              (SCT.

COUNTY OF _____)

     Subscribed and sworn to before me by _____ to be his/her own free act and deed on this _____ day of _____ 20_____.

     My commission expires: _____.


                              _____

                              NOTARY PUBLIC

# RELEASE AND CONSENT TO DISCLOSURE

I, _____, _____, _____-____-_____

        (Printed Name)            (Birth Date)      (Social Security Number)

do hereby authorize the Department of Workers' Claims, Labor Cabinet, Commonwealth of Kentucky ("Department"), to release to

_____,

          (Person or entity to whom records may be released)

and deliver, by mail or otherwise, to that person or entity at the following address:

_____

(Street Address)

_____

(City)

_____,

(State, Zip Code)

any and all records, documents and information in the Department's possession pertaining to any workers' compensation matter or matters involving me.  These records, documents, and information may include, but are not limited to, first and subsequent reports of injury, claim file material including medical records and reports, settlement agreements, and awards.  By affixing my signature below, I affirmatively consent to the release and disclosure of any and all such records and documents, and all information contained therein.  I further affirmatively state I understand and acknowledge that by authorizing the release and delivery of this material I am waiving any right to claim the material to be released is exempt from disclosure under the Kentucky Open Records Act, KRS 61.878.

_____

(Typed or printed name of person releasing information)

_____

(Signature of person releasing information)

STATE OF   _____

COUNTY OF _____

      Subscribed, sworn to, and acknowledged before me, a Notary Public, in and for said County and State, personally by _____, on this the _____ day of _____, 20_____.

                              _____

                              Notary Public

                              My Commission Expires: _____

NO. 22-CI-00788                                      BOONE CIRCUIT COURT
                                                       DIVISION THREE (3)
                                                 JUDGE JAMES R. SCHRAND


SAM SADUSKY, *et al.*                                          PLAINTIFFS

v.                      **REQUESTS FOR ADMISSIONS TO**
                        **PLAINTIFF SAM SADUSKY**

EXPRESS LANE, INC., *et al.*                                  DEFENDANTS

                              * * * * *

Now comes Express Lane, Inc., by counsel, pursuant to Rule 36 of the

Kentucky Rules of Civil Procedure, and requests the Plaintiff, Sam Sadusky,

admit that the following statements, and/or the attached documents are true

and accurate.  The matter is admitted unless, within 30 days after service of the

request, or within such shorter or longer time as the court may allow, the party

to whom the request is directed serves upon the party requesting the admission

of a written answer or objection addressed to the matter, signed by the party, or

by their attorney.  If objection is made, the reasons therefore shall be stated.  The

answer shall specifically deny the matter or set forth in detail the reasons why

the answering party cannot truthfully admit or deny the matter.  A denial shall

fairly meet the substance of the requested admission, and when good faith

requires that a party qualify their answer or deny only a part of the matter of

which an admission is requested, they shall specify so much of it as is true and

qualify or deny the remainder.  An answering party may not give lack of

information or knowledge as a reason for failure to admit or deny unless they

state that they have made reasonable inquiry and that the information known or

readily obtainable by them is insufficient to enable them to admit or deny.  A

1

party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; they may, subject to the provisions of Rule 37.03, deny the matter or set forth reasons why they cannot admit or deny it. For all responses other than unqualified admissions, please explain the response stating the factual basis for same.

## REQUEST FOR ADMISSIONS

**REQUEST NO.1:** There are no facts indicating the Defendant, Express Lane, Inc., caused or contributed to this accident.

**RESPONSE:**

**REQUEST NO. 2:** There are no facts indicating the Defendant, Sam Sadusky, caused or contributed to this accident.

**RESPONSE:**

**REQUEST NO. 3:** You did not suffer a fracture to any bone as a result of this accident.

**RESPONSE:**

**REQUEST NO. 4:** You have not been treated for any pre-existing medical conditions similar to those you are claiming from this accident.

**RESPONSE:**

2

**REQUEST NO. 5:** You did not receive a permanent injury as a result of this accident.

**RESPONSE:**

**REQUEST NO. 6:** You did not receive a scar as a result of this accident.

**RESPONSE:**

**REQUEST NO. 7:** You have not been in any accidents since this accident.

**RESPONSE:**

**REQUEST NO. 8:** You have not suffered any injury subsequent to this accident.

**RESPONSE:**

**REQUEST NO. 9:** You are not making a property damage claim as a result of this accident.

**RESPONSE:**

**REQUEST NO. 10:** You are not making a lost wage claim as a result of this accident.

**RESPONSE:**

**REQUEST NO. 11:** You are not making a claim for loss of future wages as a result of this accident.

3

**RESPONSE:**

**REQUEST NO. 12:** You are not making a claim for pain and suffering as a result of this accident.

**RESPONSE:**

**REQUEST NO. 13:** You are not making a claim for future pain and suffering as result of this accident.

**RESPONSE:**

**REQUEST NO. 14:** There are no facts indicating Defendant Sam Sadusky was in the course and scope of his employment with Express Lanes, Inc. at the time of the accident.

**RESPONSE:**

**INTERROGATORY**

**INTERROGATORY NO. 1:** If any of the foregoing Request for Admission were denied, please state the factual basis for your denial.

**ANSWER:**

4

**DON K. BROWN, PSC**

/s/ *Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE
13102 Eastpoint Park Blvd. Suite 200
Louisville, Kentucky 40223
(502) 588-9000
*Counsel for Defendant Express Lane, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that a copy of the foregoing was electronically mailed and served upon the following on September 16, 2022:

Larry Hicks
CETRULO LAW, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
(859) 331-4900
(859) 426-3532 (fax)
lhicks@cetrulolaw.com
*Counsel for Plaintiffs*

Melissa Thompson Richardson
Alyssa K. Hare
WALTERS RICHARDSON, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503
Melissa@WaltersRichardson.com
AHare@WaltersRichardson.com
*Counsel for Defendant Homdamov*

Jennifer K. Nordstrom
Dave W. Zahniser
GARVEY SHEARER NORDSTROM, PSC
2388 Grandview Drive
Ft. Mitchell, KY 41017
jnordstrom@gsn-law.com
dzahniser@gsn-law.com
*Counsel for Defendant Progressive*

  */s/ Jeri Barclay Poppe*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE

L:\Active\22-0809dkb\Discovery\P - Sadusky\Express Lane's RFAs to Sadusky.docx

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788


SAM SADUSKY
and
OPAL ROBBINS                                                                    PLAINTIFFS

VS.                    **DEFENDANT FAZLIDDIN HOMDAMOV'S**
                              **REQUESTS FOR ADMISSION**
                   **PROPOUNDED TO PLAINTIFF, OPAL ROBBINS**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                  DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

       Pursuant to CR 36, the Plaintiff, Opal Robbins, is hereby required to either admit or deny

the following Requests for Admission within the time period required by the Kentucky Rules of

Civil Procedure. Each denial or qualified admission requires an explanation as to the factual basis

for the Plaintiff's denial. Failure to answer shall be deemed admission.

       These Requests for Admission are continuing in nature so that if, subsequent to the initial

answer, information becomes available to the Plaintiff or his counsel of a nature which renders the

answers initially given to be inadequate, incorrect, or incomplete in any manner, the Plaintiff shall

be required to supplement said answers.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**    Please admit that Plaintiff, Opal Robbins, will seek more than $75,000.00

in damages as a result of the subject motor vehicle accident.

**RESPONSE:**

**REQUEST NO. 2**:  Please admit Plaintiff, Opal Robbins, will never seek more than $75,000.00 in damages as a result of the subject automobile accident.

**RESPONSE**:

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:      (859) 219-9090
Facsimile:      (859) 219-9292
Email:          Melissa@WaltersRichardson.com
                AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV


## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of September, 2022 by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

*/s/Alyssa K. Hare*

_____

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV

2017.007560C:\NRPortbl\Golden_and_Walters\BEVERLY\1780532_1.docx

2

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 22-CI-00788

SAM SADUSKY
and
OPAL ROBBINS                                                                    PLAINTIFFS

VS.            **DEFENDANT FAZLIDDIN HOMDAMOV'S**
                    **REQUESTS FOR ADMISSION**
          **PROPOUNDED TO PLAINTIFF, SAM SADUSKY**

FAZLIDDIN HOMDAMOV;
PROGRESSIVE PREFERRED INSURANCE COMPANY;
and EXPRESS LANE, INC.                                                   DEFENDANTS

                          ***   ***   ***   ***

  Pursuant to CR 36, the Plaintiff, Sam Sadusky, is hereby required to either admit or deny the following Requests for Admission within the time period required by the Kentucky Rules of Civil Procedure. Each denial or qualified admission requires an explanation as to the factual basis for the Plaintiff's denial. Failure to answer shall be deemed admission.

  These Requests for Admission are continuing in nature so that if, subsequent to the initial answer, information becomes available to the Plaintiff or his counsel of a nature which renders the answers initially given to be inadequate, incorrect, or incomplete in any manner, the Plaintiff shall be required to supplement said answers.

### REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Please admit that Plaintiff, Sam Sadusky, will seek more than $75,000.00 in damages as a result of the subject motor vehicle accident.

**RESPONSE:**

**REQUEST NO. 2**:  Please admit Plaintiff, Sam Sadusky, will never seek more than $75,000.00 in damages as a result of the subject automobile accident.

**RESPONSE**:

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/Alyssa K. Hare*

_____

Melissa Thompson Richardson
Alyssa K. Hare
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:     (859) 219-9292
Email:          Melissa@WaltersRichardson.com
                    AHare@WaltersRichardson.com
COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV


## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of September, 2022 by mailing and/or emailing a true and accurate copy to the following:

Larry Hicks
Cetrulo Law, PSC
130 Dudley Road, Suite 200
Edgewood, KY 41017
lhicks@cetrulolaw.com
*Counsel for Plaintiff*

Express Lane, Inc.
5061 Sunburst Way
Mason, OH 45040
*Defendant*

Progressive Preferred Insurance Company
6300 Wilson Mills Road
Masonfield Village, OH 44143
*Defendant*

*/s/Alyssa K. Hare*

_____

COUNSEL FOR DEFENDANT,
FAZLIDDIN HOMDAMOV